May Term,
1846.

GROVES
v.
M'CABE.

GROVES and Another *v.* M'CABE and Another.

A statement in a *scire facias*, under a *videlicet*, of an impossible day is sur-plusage.

If to a *scire facias* on a justice's transcript for execution against real estate, the defendant appear and suffer judgment by *nil dicit*, the averment that the defendant had real estate subject to execution need not be proved.

*Wednesday,*
*June 3.*

ERROR to the *Dearborn* Circuit Court.

DEWEY, J.—*Scire facias* on the transcript of a justice's judgment and proceedings for execution against real estate. The writ bore date and issued on the 5th of *October*, 1844, and commenced by reciting that theretofore, "to wit, on the 24th of *October*, 1844," the transcript was filed in the clerk's office. It appears by the transcript, which is set out *in hæc verba*, that the justice's judgment was rendered on the 6th of *September*, 1842, and that the execution which issued upon it was returned on the 22d of *October*, 1842. The *scire facias* contains a suggestion that the defendants to the writ had real estate in the proper county subject to execution. The defendants moved the Court to dismiss the writ. The motion was overruled, and judgment rendered against the defendants for want of a plea, and without any proof that they had real estate subject to execution.

It is contended that the Court erred in refusing to dismiss the writ, because it appears on its face that the transcript was not filed in the clerk's office within two years after the return day of the justice's execution; and also in rendering judgment against the defendants without proof that they had real estate subject to execution.

Neither of these objections is sustainable.

Without meaning to say what would be the effect as to the validity of the *scire facias*, if it did in fact show that the transcript was not filed within two years from the return day of the execution, it is sufficient to remark that such does not appear to be the case. The execution was actually returned on the 22d of *October*, 1842, which was sometime before its regular return day, and the *scire facias*, which recites the previous filing of the transcript, was issued on the 5th of *October*, 1844. The interim was less than two years. The

statement in the *scire facias*, under a *videlicet*, of an impossible day, to wit, 24th *October*, 1844, as that on which the transcript was filed, must be rejected as surplusage. *Armstrong* v. *Jackson*, 1 Blackf. 210.

The other objection is founded on the statute which provides, that the *scire facias* in cases like this shall contain a suggestion that the judgment-debtor has land subject to execution; and that unless such suggestion be supported by satisfactory proof, the plaintiff shall not have judgment. R. S. 1843, p. 888. We apprehend the legislature did not mean to require proof of a fact which was not only not put in issue, but which was virtually admitted by the record. Such admission was made in this case by the defendants' appearing to the action, and suffering judgment to go against them by default. The effect of a judgment by default is an admission of the cause of action. This is the general rule, and it would be strange if a single averment in this kind of writs should form an exception. We are strengthened in the opinion that it does not by another provision in the statute, which is, that the defendant to any *scire facias* to charge real estate may plead in abatement, that the defendant had no real estate at the time the writ issued. R. S. 1843, p. 943. There is no sense in this provision, if the plaintiff is required to prove the defendant had real estate, whether the fact be denied or not.

*Per Curiam.*—The judgment is affirmed with 3 *per cent.* damages and costs.

*P. L. Spooner* and *D. S. Major*, for the plaintiffs.
*J. Ryman*, for the defendants.

