## CHARLES MALLETT vs. JOHN STEVENSON.

The natural and proper use of a *videlicet* followed by words of special description, is to restrict and limit the meaning of words of general description preceding it.

Therefore where a complaint and warrant under the 12th section of the " Act for the Suppression of Intemperance," designated for seizure " certain intoxicating liquors, *to wit*, several casks of French brandy, containing twenty-five gallons, more or less ; several casks of gin, containing twenty-five gallons, more or less; and several casks of intoxicating wines, containing twenty-five gallons, more or less,"—it was held that an officer serving the warrant was not justified by it in seizing any " intoxicating liquors" other than " French brandy," " gin " and " intoxicating wines."

ACTION of trespass tried to the jury upon the general issue with notice of the special matters of defense hereinafter stated.

The declaration alleged that the defendant, on the 19th day of August, 1854, with force and arms, broke and entered into and upon certain described premises of the plaintiff, and seized and carried away certain goods of the plaintiff specifically described in the declaration, including French brandy, gin and wines, and also including certain specified quantities of *rum*, *cider-brandy* and *pale brandy*, with the vessels containing them.

The plaintiff offered evidence to prove, and it was not denied, that on the day in question the defendant entered upon the premises described, the same being a store occupied by the plaintiff, and seized and carried away therefrom all the different articles described in the declaration.

The defendant justified upon the ground that he had made the entry and seizure lawfully, as a constable of the town of Bridgeport, by virtue of a warrant in his hands duly issued by a justice of the peace of said town, pursuant to the 12th section of the " Act for the Suppression of Intemperance;" and in support of this claim offered in evidence the warrant, together with the complaint upon which it was based, and proof of the proceedings had thereon. The complaint was in the form prescribed by the act, alleging that the liquors therein complained of were then kept in a store therein spe-

cified by Mallett, the present plaintiff, and were intended by him to be sold in violation of said act; but the complaint contained no other description of the liquors than that expressed by the following words, viz: "certain intoxicating liquors, *to wit:* several casks of French brandy, containing twenty-five gallons, more or less; several casks of gin, containing twenty-five gallons, more or less; also several casks of intoxicating wines, containing twenty-five gallons, more or less." The warrant was likewise in the form prescribed by the act, and followed the language of the complaint in describing the liquors to be seized.

To the admission of this evidence the plaintiff objected, but the court admitted it. The plaintiff thereupon prayed the court to charge the jury that the complaint, warrant and other proceedings constituted no justification of the injuries complained of, because by the said warrant the defendant was authorized only to enter said store and search for and seize " French brandy," " gin " and " intoxicating wines," with the casks containing the same, and was not authorized to enter and search for or seize other liquors than those thus specified.

The court did not so charge the jury, but instructed them that " if the officer be directed in the process to seize '*intoxicating liquors*' kept in a place particularly described, and only a portion of the liquors thus kept are known to the complainants, and consequently can not be described in the process by the name by which they are usually called, and there be other intoxicating liquors found by the officer, kept in the same place, belonging to the same person, which are not described, the officer may seize all such intoxicating liquors so found by him in such place, and the fact that all the different kinds of intoxicating liquors found and seized by the defendant were not otherwise described in the process in question, than by the term 'intoxicating liquors,' will not prevent the process under which he acted from being a justification for his acts."

The jury rendered a verdict for the defendant, and thereupon the plaintiff moved for a new trial for error in the admission of the evidence objected to, and in the charge to the jury.

*Beardsley* and *Seeley*, for the plaintiff.

1. The defendant is justified by the warrant only to the extent of the seizure of the liquors which are specified in the complaint and warrant.  It makes no difference that the specification is under a videlicet.  *Skinner* v. *Andrews*, 1 Saund., 170, *note*.  *Dakins case*, 2 id., 291.  2 Sw. Dig., 473, 474.  *King* v. *Stevens*, 5 East., 214.  *Curley* v. *Dean*, 4 Conn., 265.  *Mix* v. *Woodward*, 12 id., 291.

2. The statute requires that some description should be given, in order to confer jurisdiction on the magistrate to issue the warrant.  Stat. (Comp. of 1854,) 822, § 12.

3. Without this description the warrant would be void on the face of it, as being in violation of the constitution.  Amendments to U. S. Const., art. 4.  Const. of Conn., art. 1, § 8.

4. If the defendant seized liquors which by his warrant he was not authorized to seize, he became a trespasser *ab initio*.

*Sturges*, for the defendant.

1. The complaint and warrant were admissible.  The process was valid upon the face of it; and if the defendant pursued its authority he is to be protected.  *Lewis* v. *Palmer*, 6 Wend., 367.  *Fisher* v. *McGirr*, 1 Gray, 45.

2. It was unnecessary to describe in the warrant exactly the kind or quantity of the liquors, much less was it necessary to give them their true names.  Stat. (Comp. of 1854,) 831, § 24.  Id., 822, § 12.  *Commonwealth* v. *Dana*, 2 Met., 329.

3. The specification of certain particular kinds of liquor under a videlicet did not limit the authority to seize, to those specified.  *Droper* v. *Garnett*, 2 B. & C., 2.  *Stoddart* v. *Palmer*, 10 id., 4.  *Bray* v. *Freeman*, 8 Taunt., 197.  *Harvey* v. *French*, 2 M. & S., 591.  1 Stark. Ev., 374, 394, 395.  *Harris* v. *Phillips*, 4 E. L. & E., 344.  *Commonwealth* v. *Pray*, 13 Pick., 359.  *Commonwealth* v. *Odin*, 23 id., 279.  *Commonwealth* v. *White*, 10 Met., 14.  *Whiting* v. *State*, 14 Conn., 487.  Gould's Plead., Chap. 3, § 189.

SANFORD, J.  We think the complaint and warrant upon which the defendant relied for his justification in making the

Mallett *v.* Stevenson.

original entry and seizure, authorized the taking of the liquors and casks specified under the videlicet only.

· " A videlicet," says Lord Hobart, " is a kind of interpreter. Her natural and proper use is, to particularize that that is before general."—" It may work a restriction when the former words are not express and special, but so indifferent as they may receive such restriction without apparent injury, though those former words by construction of law would have had a larger sense if the videlicet had not been." *Stukeley* v. *Butler*, Hob., 172.   *Dakins case*, 2 Saund., 291 a, *note.*

In this complaint and warrant the videlicet is, (in the language of Lord Hobart) put to " her natural and proper use," " to particularize that that is before general ;" and its effect is to make a restriction of the meaning of the former words " intoxicating liquors," though those former words by construction of law would have had a larger sense if the videlicet had not been.

" Intoxicating liquors " is the name of a genus, of which brandy, gin, &c., are species, and although we agree with the judge who tried the cause, that the particular species of liquor, when the species is unknown, need not be stated in the complaint or warrant, yet the objection in this case is, not that all the liquors seized were not designated by their specific names, but that the genuine name " intoxicating liquors," was *by the videlicet* restricted to the species particularly described under it, so that no intoxicating liquors besides those designated by their specific names, were complained of, or proceeded against, under any name general or specific.

The plaintiff's objection to this complaint and warrant, as not affording a justification for the seizure of liquors not specified therein, was well taken, and the charge to the jury on this point was wrong.

A new trial is advised.

In this opinion the other judges concurred.

New trial advised.