WOOLLEY *v.* TURNER.

Husband and wife, under our statute, are incompetent witnesses for and against each other, while the marriage relation exists; but after it ceases to exist, they are competent, as to anything the knowledge of which was not obtained through the privacy of the marriage relation.

But where the relation existed at the time the claim sued upon accrued, it will be presumed, the contrary not being shown, that it still exists.

APPEAL from the *Shelby* Court of Common Pleas.

*Saturday,*
*December* 3.

DAVISON, J.—This was an action by *Turner* against *Woolley* upon account, the items of which were filed with the complaint, and are as follows:

*Cincinnati, October* 11, 1854.

*Thomas Woolley* to *Samuel Turner*, Dr.:

| | | |
|---|---|---|
| To boarding *Catherine Woolley*, the wife of said *Thomas Woolley*, 51 weeks from the 11th *October*, 1853, to date, at 3 dollars per week....... | $153 | 00 |
| To fuel and lights 20 weeks, at 50 cents per week | 10 | 00 |
| To cash paid for medicines for her............. | 20 | 00 |
| To money paid her during said time, and for medicines................................. | 65 | 00 |
| Whole amount...................... | $248 | 00 |

Proper issues having been made, the cause was submitted to a jury, who found for the plaintiff; and the Court, having refused a new trial, rendered judgment on the verdict, &c.

The record contains a bill of exceptions, which shows that the plaintiff, in support of the issue on his part, offered to read in evidence to the jury the deposition of said *Catherine Woolley*, to the introduction of which the defendant objected, on the ground that she was, at the time the account for boarding, &c., accrued, his wife, and, for aught that appeared, the relation of husband and wife still existed between them; but the objection was overruled, and the deposition admitted, &c.

We have a statutory rule of practice which says: "Husband and wife are incompetent witnesses for and against

Nov. Term, 1859.

each other; and they can not disclose any communication from one to the other, made during the existence of the marriage relation, whether called as a witness while that relation exists or afterwards." 2 R. S. p. 82, § 240.

As we construe this rule, the husband and wife are incompetent witnesses for or against each other while the marriage relation exists; but that after it ceases to exist, they are competent as witnesses for or against each other, to testify to anything that came under their observation, the knowledge of which was not obtained through the privacy of the marriage relation. *Jack* v. *Russey*, 8 Ind. R. 180, note 1.

In this case, the bill of exceptions avers that the proposed evidence was resisted on the ground that the witness was, at the time the account sued on accrued, the defendant's wife. Hence we must intend that the ground thus assumed was true; and, in the absence of contrary proof, presume that the relation of husband and wife continued to exist between them when she made her deposition. And this being the case, the deposition should have been excluded, because, as has been seen, husband and wife are incompetent witnesses for or against each other in any case, while that relation exists. 1 Greenl. Ev., §§ 336, 337.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. M'Donald* and *A. G. Porter*, for the appellant.