State *v.* Wadsworth.

———— •◄◄●►• ·· ————

STATE *vs.* JOSIAH J. WADSWORTH.

A grandjuror's complaint charged that *A* and *B* at the town of *P*, not being agents of the town to sell spirituous liquors, did, on &c., sell to *C* one quart of brandy, one quart of rum, one quart of gin, and one quart of ale. *A* was tried alone. The statute provides that no person shall sell, by himself or agent, any spirituous or intoxicating liquors, except as provided in later sections of the act, and that ale is included among intoxicating liquors within the meaning of the act. Held,

1. That evidence was admissible under the complaint of a sale by *A* alone.
2. That it was not necessary that *A* should have owned the liquor or have had authority from the owner to sell it.
3. That it was not necessary for the jury to find that the ale was an intoxicating liquor, as it is expressly provided by the statute that it should be so regarded.
4. That it was not necessary for the jury to find that the brandy, rum and gin were spirituous or intoxicating liquors, as it is a matter of common knowledge that they are so, and is involved in the very definition of the terms.
5. That the allegation that *A* and *B* were not agents of the town was sufficient, as it imported that neither was such agent.
6. That the complaint was sufficient without negativing the exceptions to the general prohibition, contained in later sections of the act.

If evidence is inadmissible for one purpose, but admissible for another, a general objection to it will not be sustained.

Offences, though committed jointly, are in law several, and a charge that two persons committed a crime is equivalent to a charge that each committed it.

GRANDJUROR'S complaint against Josiah J. Wadsworth and Robert B. Vining, for selling liquor in violation of the " Act

for the Suppression of Intemperance." Wadsworth was tried alone in the superior court and convicted, and moved for a new trial, and in arrest of judgment for the insufficiency of the complaint. The latter motion was reserved with the former for the advice of this court. The case will be sufficiently understood from the opinion.

*Webster*, in support of the motion.

*Sedgwick*, state attorney, and *Giddings*, with whom was *Hubbard*, contra.

SANFORD, J. We discover no error in the determinations of the superior court in this case.

The information charged that the defendant Wadsworth and Robert P. Vining, at the town of Plymouth, " not being agents for the town, &c., did sell to Stephen Wright a certain quantity of spirituous liquor, that is to say, did then and there sell to said Wright one quart of brandy," &c. ; the other counts being similar except as they charge sales to different persons. Wadsworth, having pleaded not guilty, and being put upon his trial alone, objected to the introduction of any evidence to prove that he was guilty severally, or jointly with Vining, of the offence charged in the information. This objection was properly overruled. First, because it was, even upon the defendant's claim, too broad. The objection rested upon the idea, that as the information charged a joint sale by the two, evidence of a several sale by one was variant from the charge. But the objection went to the exclusion of evidence of all sales, joint as well as several. For that reason therefore, if for no other, the objection was properly overruled. The objector is bound always to define and limit his objection to evidence which is inadmissible for the purpose for which it is introduced. If the evidence offered is admissible for one purpose, as to prove a joint sale by two, but is inadmissible for another purpose, as to prove a several sale by one, the objection must be limited to the latter, otherwise it will be overruled. *Ashmead* v. *Colby*, 26 Conn., 287. *Fitch* v. *Woodruff & Beach*

*Iron Works*, 29 id., 82. But secondly, evidence of sales made by Wadsworth alone was properly admitted. Offenses of every grade are several. Each individual concerned in the perpetration of a crime or misdemeanor, is no less an offender against the law and amenable to its penalties because other individuals participate with him in its perpetration. Each individual concerned is a principal offender. Whether by the doing of a single act in which several individuals unite, one pecuniary penalty, or several, are recoverable, is a different question, depending mainly upon the structure and phraseology of the law, but not arising in the present case. It is clear that, except in regard to conspiracies, if two or more are charged in the same information or indictment with the commission of one and the same offense, one may be convicted without the rest.

The learning relative to variances between the allegations and the evidence seems inapplicable in such a case as this. The charge is to be taken and understood distributively, as against each of the accused severally, as well as jointly against both of them. A variance is a disagreement between the allegations and the evidence, in some matter essential to the charge or claim. Here the allegation is that certain specified liquor was, at a time and place designated, sold by Wadsworth and Vining to Stephen Wright,—that is, that Wadsworth sold it, and so did Vining—that the offense of selling that liquor at the time and place mentioned was committed by Wadsworth and by Vining also. Now, evidence of the sale of a different kind of liquor, or of the same kind to a different purchaser, would be variant from the allegation and inadmissible. But evidence that that identical sale was made by Wadsworth alone is not variant from the charge, because offenses are several as to the individuals concerned in their perpetration, and the charge is to be taken distributively as to each of the individuals indicted, and it is not in law essential to the support of the charge against one to prove that the other is guilty also. The diversity relates not to the offense, but to the number of parties charged with its commission; and as that is not

in law essential to the maintenance of the charge it constitutes no legal variance.

A slight transposition of the language of the information may perhaps place this matter in a clearer light. Suppose the pleader had said " that at P. in the county of L, on &c., a certain sale of spirituous liquor, to wit, one quart of brandy, was made by W. and V. of said P. to one S. W. of P. aforesaid, against the peace and contrary to the statute," &c. Here the fact of sale, the gist of the charge, the only material fact in the case, is made conspicuous without any reference or allusion to the contract, of which the sale was the execution and consummation. And as a sale by both of the accused is in legal contemplation a sale by each of them, subjecting each of them to the penalties of the law, there is no disagreement between the allegations and the evidence in any matter by law essential to the charge.

The party who has assumed and exercised the power of disposal, and made a sale in form, ought not to be permitted to say that he was not the owner of the thing sold and had no authority to make such sale. The object of the legislature was to diminish the use of, by preventing the traffic in, intoxicating liquors, and it is of no importance whether the party who engages in such traffic as a seller, is the real owner of the article he sells, or whether he has the power to make a valid contract of sale or not. Any one capable of committing a criminal offense—an infant, a *femme covert,* a trespasser, or a thief—incurs the penalty by a sale and delivery of spirituous liquor, as well as an adult, a *femme sole,* or the sole and absolute owner of the article ; and neither of them could be heard in court to say that he had no legal power or right to make the sale, in the face of proof that he had assumed to make it in fact, and made it in point of form. The act prohibited is that of furnishing the article in the way of a sale, for a price or consideration—the execution rather than the making of an illegal contract. Clerks, agents and servants, therefore, who do the act of sale, are made amenable to the penalties of the law, as if they personally owned the liquor which they sell. Act of 1854, sec. 8. The question is not whether the pur-

chaser actually obtained the legal title to the liquor, but whether, under the form of a purchase from one who assumed authority to sell it, he obtained the article itself.

The allegation in the information in regard to the authority of the accused to sell liquors as agents of the town, is, like the allegation of the sale, to be taken distributively, as an allegation that neither of them had such authority.

The charge that the jury need not find that the brandy, gin, ale, &c. sold, were actually intoxicating, was right. Ale is by the statute declared to be an intoxicating liquor, and as such its sale is prohibited. And brandy, gin, &c., according to all our dictionaries, as well as according to the popular and universal acceptation of the words, are the names of particular kinds or species of intoxicating liquor; and there is no more reason for requiring the jury to find the former actually intoxicating than the latter; no more reason for requiring the jury to find that brandy is intoxicating liquor than to find that " intoxicating liquor " is intoxicating. See *Mallett* v. *Stevenson*, 26 Conn., 428.

The repugnancy in the information, of which the counsel complain, we are unable to discover. And as to the pleader's omission to negative exceptions, that question was settled by the unanimous opinion of this court, in the case of *The State* v. *Miller*, 24 Conn., 522.

We advise that the motion in arrest be overruled, and that a new trial be not granted.

In this opinion the other judges concurred.