HELD AT HARTFORD, FOR THE COUNTIES OF
HARTFORD, WINDHAM, LITCHFIELD, MID-
DLESEX AND TOLLAND,

ON THE FIRST TUESDAY OF MAY, 1883.

Present,

PARK, C. J., CARPENTER, PARDEE, LOOMIS AND GRAN-
GER, JS.

## THE STATE vs. THOMAS BROWN.

The office of a *videlicet* is to particularize that which is general and to
explain that which is doubtful or obscure ; but it must neither be
contrary to, nor increase or diminish, the precedent matter. If what
comes under it is repugnant to the preceding matter the *videlicet*
must be rejected as surplusage.

A complaint alleged that the defendant " did sell spirituous liquor, to wit,
one half gallon of beer, to *F.*, a minor, without a license therefor."
Held—

1. That the effect of the *videlicet* was to restrict the charge to that of the
sale of beer.

2. That the expression " spirituous liquor, to wit, beer," was to be taken
as meaning that the beer was of such a character as to fall within the
term " spirituous liquor."

3. That the complaint was therefore sufficient under the statute of 1882
(Session Laws of 1882, ch. 107), which forbids the sale of such liquors
and provides that the term " spirituous and intoxicating liquors "
shall be held to include " beer manufactured from hops and malt or
barley."

State *v.* Brown.

4. That it was not necessary for a conviction for selling liquor to a minor that the seller should be a licensed person, although such sales are expressly prohibited to persons licensed ; but that it was an offense for a person not licensed to sell to any one, and that the word "minor" could be rejected as surplusage.

[Argued May 3d—decided July 13th, 1883.]

COMPLAINT by a prosecuting agent for a violation of the statute against selling intoxicating liquors; brought, by appeal of the defendant from the judgment of a justice, to the Superior Court in Middlesex County, and in that court tried to the jury before *Stoddard, J.* Verdict guilty, and motion in arrest of judgment on the ground of the insufficiency of the complaint. Motion overruled and appeal to this court by the defendant. The case is fully stated in the opinion.

*A. W. Bacon,* for the appellant.

*W. F. Willcox,* State's Attorney, for the State.

LOOMIS, J. The complaint alleges that the defendant "did by himself sell and deliver spirituous liquor, to wit, one half gallon of beer, to Daniel Foley, a minor, without a license therefor."

After trial to the jury and a verdict of guilty the defendant moved in arrest of judgment for the insufficiency of the complaint, and in the argument in support of his motion specifies two particulars wherein he thinks the complaint is fatally defective.

The first is, that the beer specified under the *videlicet* as the kind of liquor sold, is not alleged to be intoxicating, nor to have been "manufactured from hops and malt or from hops and barley," nor that it was "beer requiring a United States revenue stamp;" which are the only kinds of beer, the sale of which is prohibited by the act of 1882. Session Laws of 1882, p. 177.

It was conceded that if the complaint had simply alleged that the defendant sold spirituous and intoxicating liquor,

without specifying the particular kind, it would have been good, and that under such allegation it might have been shown that the liquor sold was beer of the description mentioned. *State* v. *Miller*, 24 Conn., 522.

But the counsel for the defendant argues, in effect, that the mention of beer under the *videlicet* has not only the effect to restrict the inquiry to that kind of liquor only, but that the complaint stands precisely as it would if the general description had been entirely omitted, and the complaint had charged the sale of beer without any other words to indicate whether or not it was intoxicating within the meaning of the statute.

While we accept the first part of the proposition and admit under the authority of *Mallett* v. *Stevenson*, 26 Conn., 428, that the evidence of the alleged sale must be confined to beer, yet we reject the claim that the words "intoxicating liquor" in the general description are to have no effect at all. On the contrary, we think the complaint may be construed as charging the sale of that kind of beer which comes within the description of "intoxicating liquor."

If, as the defendant virtually claimed in the course of his argument, the *videlicet* is so restrictive in its operation as to make the complaint charge the sale of a liquor not intoxicating, it is repugnant to the allegations that precede it, and, if so, instead of having the effect to nullify the previous words of description, as claimed, it would itself be rejected as surplusage, leaving the general description in full force.

The doctrine that the *videlicet* must be wholly rejected as surplusage, if what comes under it is contrary or repugnant to the preceding matter, is supported by a great number of authorities, which may be found collected in Vol. 2, of Williams's Notes to Saunders' Reports, pages 678 to 687, under *Dahin's case*.

The opinion in *Mallett* v. *Stevenson*, supra, was based on the doctrine of Lord HOBART as to the nature and office of a *videlicet*. We quote further from the same opinion, where he says:—" The natural and proper use of a *videlicet* is to

particularize that which is general before, and to explain that which is indifferent, doubtful or obscure; but it must neither be contrary to the premises, nor increase nor diminish the precedent matter; and therefore if a man seized in fee of black-acre, white-acre, and green-acre in *D.*, should grant all his lands in *D.*, *viz.*: black-acre and white-acre, yet green-acre shall also pass by the grant." *Stukely* v. *Butler*, Hob., 175. The same doctrine will be found in Gould's Pleading, p. 68, sec. 36.

But in the case at bar there is no repugnancy, because that which is particularized belongs to the class indicated by the general description, and giving to the *videlicet* its true office, as before explained, the complaint may be construed as charging a sale, contrary to the statute, of that kind of beer which comes within the description of intoxicating liquor.

The other objection is, that the complaint charges a sale to Daniel Foley, a minor, without a license therefor; and the argument is that, under the act of 1882, section 4, the crime of selling to a minor can only be committed by a licensed person, and as the complaint on its face shows that the accused had no license it therefore charges no crime.

This reasoning is fallacious. It assumes that the essence of the offense in this case consists in the minority of the person to whom the sale is made. This would be so if the seller had a license, because then he would be liable only in the excepted case. But the want of a license does not make the sale to a minor legal. On the contrary it shows on its face that such a sale must be illegal, for in such case all sales whatsoever are absolutely prohibited, and there is no distinction between minors and adults. The addition to the name of the word "minor" is therefore to be treated as mere *descriptio personæ;* it is immaterial and should be rejected as surplusage.

There was no error in the judgment complained of.

In this opinion the other judges concurred.