## Inman *v.* State.

Opinion delivered October 15, 1898.

1. CARNAL ABUSE—REPEAL OF STATUTE.—The act of December 17, 1838, provided that "every person convicted of carnally knowing or abusing unlawfully any female child *under the age of puberty* shall be imprisoned in the penitentiary for a period not less than five nor more than twenty-one years." The act of April 1, 1893, re-enacted the above statute, except that for the words "under the age of puberty" it substituted the words "under the age of sixteen years." *Held* that the prior act was repealed by the later. (Page 509.)

2. SAME—SUFFICIENCY OF INDICTMENT.—An indictment which alleges that defendant "unlawfully and feloniously did make an assault on one Daisy Wise, a female child *under the age of puberty, to-wit: of the age of fourteen years*," etc., sufficiently alleges that such female child was under the age of sixteen years. (Page 509.)

3. WITNESSES—DIVORCED WIFE.—A divorced wife may testify against her former husband as to such facts as did not come to her knowledge while the marriage relation existed. (Page 510.)

Appeal from Lawrence Circuit Court, Western District.

RICHARD H. POWELL, Judge.

*P. H. Crenshaw*, for appellant.

The indictment is not in proper form. Sand. & H. Dig., §§ 2089, 2090. There is no repugnancy between Mansf. Dig., § 1571, and the carnal abuse act of 1893. Hence, both should stand. Bish. Stat. Cr. §§ 169, 171. A confession, to be admissible, must be voluntary. 1 Leach, 293, *note a*; 1 Greenl. Ev. §§ 214, 218 and 220; 50 Ark. 311. As to who are "persons in authority," who are within the meaning of the rule, see:

Roscoe, Cr. Ev. (10 Ed.) 46; 1 Dears. C. Cas. 245; 85 Mo. 145. Husband and wife are not competent witnesses for or against each other, either before or after the termination of the relation. 55 Md. 462, 467; 33 Ind. 176; 9 R. I. 361; 11 Am. Rep. 270; Bish. St. Cr. § 613; 39 S. W. 462; 40 S. W. 313; 59 N. W. 322; Sand. & H. Dig., § 2916; 1 Greenl. Ev. §§ 334, 337, 340; 31 Ark. 689; 37 Ark. 67; 43 Ark. 307; 33 Ark. 259; 33 Ark. 816; 34 Ark. 663; 62 Ark. 32.

*E. B. Kinsworthy*, Attorney General, for appellee..

The act of 1893 repeals § 1571, Mansf. Dig. 47 Ark. 488; 27 Ark. 419; 10 Ark. 588; Suth. state const. § 143. The indictment is sufficient. 63 Ark. 621. A divorced wife can testify to any matters which come to her knowledge by means other than by virtue of the relation itself. 59 Mo. App. 470; 65 Vt. 344; 38 Mich. 117; 1 Greenl. Ev. §§ 338, 343; 9 Am. & Eng. Enc. Law, 807; Sand. & H. Dig., § 2916; 29 Am. & Eng. Enc. Law, 628; 13 Ind. 253.

HUGHES, J. The appellant was indicted for and convicted of the crime of carnal abuse of a female under the age of sixteen 'years, and appealed to this court. The indictment charges that the said George Inman, on the 1st day of June, 1896, in the county, district and state aforesaid, unlawfully and feloniously did make an assault on one Daisy Wise, a female child under the age of puberty, to-wit: of the age of fourteen years, and her, the said Daisy Wise, unlawfully and feloniously did carnally know and abuse, against the peace and dignity of the state of Arkansas."

Though the indictment is in a form not to be approved, it sufficiently charges the offense to have been committed upon a female under the age of sixteen years, as it charges that it was committed upon a female child under the age of fourteen years. But it is contended that this indictment was framed under section 1571 of Mansfield's Digest, which was the act of December 17, 1838, which is digested in Mansfield's Digest as follows: "Sec. 1571. Every person convicted of carnally knowing or abusing unlawfully any female child under the age of puberty shall be imprisoned in the penitentiary for a period not less than five nor more than twenty-one years." It is

contended that this statute is still in force, and was not repealed by the act of April 1, 1893, which is as follows (as found in Sandels & Hill's Digest): "Sec. 1865. Every person convicted of carnally knowing or abusing unlawfully any female person under the age of sixteen years shall be imprisoned in the penitentiary for a period not less than five nor more than twenty-one years." It appears that the latter act covers the entire subject-matter of the former, making the act committed the same offense, and affixing the same punishment, using the same language, except that the "age of sixteen years," is substituted for the "age of puberty." The rule of construction is that where a later act of the legislature covers the entire ground of the subject-matter of a former act, and it was evidently intended as a substitute for the former, the prior act will be repealed by the later, though there may be no express words to that effect. *Pulaski County* v. *Downer*, 10 Ark. 589; *Blackwell* v. *State*, 45 Ark. 92, and cases; *Wood* v. *State*, 47 Ark. 488. There is no error in the judgment of the court that the act of 1893 (Sand. & H. Dig., § 1865) repealed the act of 1838 (Mansf. Dig., § 1571), and that it governs the case.

It is contended that there was error in permitting the divorced wife of the appellant to testify against him. The offense was committed before the marriage, which had been dissolved by a decree of divorce before the wife testified as a witness. She was not his wife when the offense was committed, and had been divorced when she testified. She did not testify to any facts or communications that came to her knowledge or which were received by her by virtue of or while the marriage relation existed. A divorced wife is incompetent to testify against her husband only as to such facts as come to her, and such communications as are made to her by the husband, while the marriage relation existed. As to facts that do not come to her knowledge while the marriage relation exists, she is a competent witness against her husband. *Toovey* v. *Baxter*, 59 Mo. App. 470; *French* v. *Ware*, 65 Vt. 344; *People* v. *Marble*, 38 Mich. 117. Our statute (Sandels & Hill's Digest, § 2916, subdivision fourth), provides: "The following persons shall be incompetent to testify :   *   *   *   Husband and wife for or against each other, or concerning any

communication made by one to the other during the mar-
riage, whether called as a witness while that relation sub-
sists or afterwards, but either shall be allowed to testify for the
other in regard to any business transacted by the one for the
other in the capacity of agent." While the marriage relation
exists, husband and wife are, under this statute, incompetent
to testify for or against each other; and after that relation
ceases they are incompetent to testify for or against each
other as to such communications as were made by one to the
other during the marital relation; but, as to such facts as did
not come to them while that relation existed, they are compe-
tent witnesses for or against each other after that relation
ceases. *Woolley* v. *Turner*, 13 Ind. 253; 29 Am. & Eng. Enc.
Law, 628; Sand. & H. Dig., § 2916, subdiv. 4. The wife can
testify to any injury to her person, either before or after mar-
riage, and while the marriage relation exists. 1 Greenl. Ev.
§ 343.

We think it is clear from the evidence that the defendant
was guilty.

Finding no reversible error, the judgment is affirmed.