## TULLIS v. SHAW.

[No. 21,123. Filed January 16, 1908.]

1. HABEAS CORPUS.—*Collateral Attack.—Appeal.—Habeas corpus* does not lie to obtain the release of a prisoner, unless the judgment of conviction is void; and such action cannot perform the office of an appeal for the correction of alleged errors of the trial court. p. 666.

2. CRIMINAL LAW.—*Juvenile Courts.—Jurisdiction.—Misdemeanors. —Appeal.*—Under §1648 Burns 1908, Acts 1907, p. 266, the juvenile courts have jurisdiction to try all misdemeanors consisting

of causing or encouraging any boy under sixteen, or girl under seventeen to commit any act of delinquency defined in §1641 Burns 1908, Acts 1905, p. 440, §1; and an appeal lies from any judgment of conviction in such case to the Appellate Court.  p. 666.

3. INDICTMENT AND INFORMATION.—*Infants.—Delinquency.—Contributing to.*—An affidavit charging that defendant caused and encouraged a certain girl under the age of fifteen to commit an act of delinquency "in this, to wit: that the said [defendant] held illicit sexual intercourse with the said" girl, and that he also aimed to assist her "to make her escape from the Indiana Girls' School, of which institution she is an inmate," charges the commission of a misdemeanor under §§1641, 1648 Burns 1908, Acts 1905, p. 440, §1, and Acts 1907, p. 266, and not the felony of rape under §2250 Burns 1908, Acts 1907, p. 85.  p. 667.

4. CRIMINAL LAW.—*Allegations.—Proof of.*—In criminal as in civil cases, only the substance of the issue or charge need be proved. p. 667.

5. INDICTMENT AND INFORMATION.—*Allegations.—Videlicet.*—The purpose of a videlicet in criminal pleading is to explain precedent general or doubtful language, but it cannot be used to enlarge or contradict the prior language, its allegations in such connection being rejected as surplusage; and such rule has been modified by §2063 Burns 1908, Acts 1905, pp. 584, 625, §192, providing against quashing an indictment or affidavit because of surplusage or repugnance, where matter is alleged to indicate the person and crime charged.  p. 668.

6. JUDGMENT.—*Collateral Attack.—Habeas Corpus.—Criminal Law.*—The judgment of the Juvenile Court of Marion County holding that an affidavit charged defendant with a misdemeanor and not a felony, even though erroneous, cannot be collaterally attacked in a *habeas corpus* proceeding, such court having jurisdiction. p. 669.

7. SAME.—*Collateral Attack.—Defective Affidavit.*—The fact that defendant was convicted upon a defective affidavit does not render the judgment of conviction void and subject to a collateral attack. p. 670.

8. APPEAL.—*Office of.*—An appeal is the sole remedy for the correction of mere defects in the proceedings of the trial court.  p. 670.

From Superior Court of Marion County (74,344); *John L. McMaster,* Judge.

*Habeas corpus* by Edgar Tullis against Augustus D. Shaw. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Averill & Collins,* for appellant.

*James Bingham,* Attorney-General; *Alexander G. Cavins, Henry M. Dowling* and *Edward M. White,* for the appellee.

MONKS, C. J.—This is a proceeding by writ of *habeas corpus* against the superintendent of the Marion county workhouse for the discharge of appellant from said institution. On motion of appellee said writ was quashed and final judgment rendered against appellant remanding him to the custody of said superintendent.

It appears from the application for said writ that appellant was on August 15, 1907, arrested and brought before the Juvenile Court of Marion County upon an affidavit charging that appellant within Marion county, State of Indiana, "did on or about August 15, 1907, cause and encourage one [naming her], a girl under the age of fifteen years, to commit an act of delinquency, as defined in the statute in such case made and provided in this, to wit, that he, said Edgar Tullis, held illicit sexual intercourse with said [naming her], that he also aimed to assist said [naming her] to make her escape from the Indiana Girls' School, of which institution she is an inmate," etc. Said affidavit was signed and sworn to August 15, 1907.

Appellant was arraigned upon said charge, and entered a plea of not guilty. Said cause was tried by the court, and on August 26, 1907, the court found appellant guilty, and sentenced him to pay a fine in the sum of $500 and to be imprisoned in the Marion county workhouse for 180 days. Judgment was rendered upon the finding. Appellant is restrained and imprisoned by virtue of said judgment, and the commitment issued thereon.

It is alleged in said application "that the Juvenile Court of Marion County is a court of limited jurisdiction, and has by law no jurisdiction of the subject-matter of the offense charged in the affidavit, for which reason said judgment was and is absolutely void."

It is provided in section two of the act of 1905 (Acts 1905, p. 440), as amended by the act of 1907 (Acts 1907, p. 266, §1648 Burns 1908) that "it shall be unlawful for any person to cause or encourage any boy under the full age of sixteen years, or any girl under the full age of seventeen years to commit any act of delinquency as defined and specified in section one of this act; * * * or to knowingly encourage, contribute to or in any way cause any such child to violate any law of this State or the ordinance of any city; or to knowingly permit, contribute to, encourage or cause any such child to be guilty of any vicious or immoral conduct; and any person so offending shall be guilty of a misdemeanor, and may be tried for such offense in the juvenile court, * * * and any person convicted shall have the right of appeal to the Appellate Court. * * * And if in any proceeding before any juvenile court, it shall appear that any person may have committed any felony that caused or contributed to the delinquency of a child, the judge of said court may have such person brought before him upon proper warrant, and, if upon preliminary examination it shall appear that such person is probably guilty of the offense charged, he may be recognized, as recognizances are now provided by law, to appear at the next term of the criminal court of said county, or if there be no criminal court, then of the circuit court of said county."

It is insisted by appellant that said affidavit charged him with the commission of a felony under that part of section 361 of the "act concerning public offenses," as amended by the act of 1907 (Acts 1907, p. 85, §2250 Burns 1908), which reads as follows: "Whoever unlawfully has carnal knowledge, * * * of a female child under sixteen years of age * * * is guilty of rape, and on conviction shall be imprisoned in the state prison not less than two years nor more than twenty-one years;" that as the Juvenile Court of Marion County has under said act of 1907 only the power of an

examining magistrate, to examine into said charge of felony and either to recognize him to appear at the next term of the criminal court of said county or discharge him, said court in trying said case upon its merits and assessing the punishment therefor was without jurisdiction, and said judgment was void.

This proceeding by *habeas corpus* is a collateral attack on said judgment, and cannot succeed unless said judgment is absolutely void, because said writ cannot be used for

1. the correction of errors, no matter how gross the errors. *McLaughlin* v. *Etchison* (1891), 127 Ind. 474, 476, 22 Am. St. 658, and cases cited; *Turner* v. *Conkey* (1892), 132 Ind. 248, 252-254, 17 L. R. A. 509; *Pritchett* v. *Cox* (1900), 154 Ind. 108, 113; *Webber* v. *Harding* (1900), 155 Ind. 408, 413; *Peters* v. *Koepke* (1901), 156 Ind. 35, 38-40; *Koepke* v. *Hill* (1901), 157 Ind. 172, 174-178, 87 Am. St. 161, and cases cited; *Lee* v. *McClelland* (1901), 157 Ind. 84, 89, 90; *Williams* v. *Hert* (1901), 157 Ind. 211, 87 Am. St. 203; *Gillespie* v. *Rump* (1904), 163 Ind. 457, 462-469, and cases cited; *Cruthers* v. *Bray* (1903), 159 Ind. 685; §1133 Burns 1901, §1119 R. S. 1881.

It will be observed that under section two of the act of 1905 (Acts 1905, p. 440), as amended by the act of 1907 (Acts 1907, p. 266, §1648 Burns 1908), any person

2. who causes or encourages any boy under the full age of sixteen years or any girl under the full age of seventeen years to commit any act of delinquency, as defined in section one of said act (Acts 1905, p. 440, §1641 Burns 1908), or who violates any provision of section two of said act as amended in 1907, is guilty of a misdemeanor and may be tried and convicted of such offense in said juvenile court, from which judgment an appeal may be taken to the appellate court.

The affidavit in this case in the Juvenile Court of Marion County purported to charge appellant with a misde-

3. meanor in causing and encouraging a girl under the age of seventeen years to commit an act of delinquency, as defined in said §§1641, 1648, *supra*.

It is evident that said affidavit did not attempt to charge appellant with the crime of rape on a child under sixteen years, the age of consent, for the reason that the allegation concerning her age is in connection with that part of the affidavit which purports to charge appellant with a misdemeanor—that is, causing and encouraging her to commit an act of delinquency as defined by §§1641, 1648, *supra*. Said sections are for the protection of girls ''under the full age of seventeen years.'' The allegation in that connection, that she was under the age of fifteen years, was, in effect and substance, that she was ''under the full age of seventeen years.'' If she was under said age of seventeen, what her age really was, or how much it was under seventeen years was immaterial. *State* v. *Newton* (1876), 44 Iowa 45, 47; *State* v. *Fetterly* (1903), 33 Wash. 599, 602, 74 Pac. 810; *People* v. *Gardner* (1893), 98 Cal. 127, 32 Pac. 880; *Inman* v. *State* (1898), 65 Ark. 508, 47 S. W. 558.

In criminal as in civil cases, only the substance of the issue or charge need be proved. 4 Elliott, Evidence, §2714; 1 Greenleaf, Evidence (Lewis's ed.), §§56-73; 3 Greenleaf, Evidence (Lewis's ed.), §23; Underhill, Crim. Ev., §31; 1 Roscoe, Crim. Ev. (8th Am. ed.), *87; *Indianapolis St. R. Co.* v. *Marschke* (1906), 166 Ind. 490, 496. As the substance of the issue, as to the age of said girl, was that she was under the full age of seventeen years, said affidavit must be treated the same as if it alleged that she was under said age of seventeen instead of under the age of fifteen. When so read, it cannot be claimed under the rules of pleading that it charged appellant with the crime of rape on a girl under sixteen years of age, and it is clear that it did not charge him with rape on a woman sixteen years of age or over.

Moreover, it will be noted that what is alleged concerning. appellant's having illicit sexual intercourse with said girl is laid under a *videlicet*, "to wit." The rules applicable

5.  to what is alleged under a *videlicet* have been the subject of much discussion by the courts.

It is said in 19 Ency. Pl. and Pr., 251: "The natural and proper use of either a *scilicet* or a *videlicet* is to particularize that which has before been stated generally, and to explain that which is indifferent, doubtful, or obscure.    However, it sometimes may work a restriction of the preceding allegations when they are not express and special, but are so indifferent that they are capable of being restrained without apparent injury to them, though by construction of law they would have had the larger sense if there had been no *videlicet*.    It cannot, as a general rule, be used to preface anything contrary or repugnant to the premises, nor can it increase or diminish the precedent matter; and if it attempts to do either the statement made under it will be rejected as surplusage."    *Armstrong* v. *Jackson* (1822), 1 Blackf. *210, 12 Am. Dec. 225; *Blackwell* v. *Board, etc.* (1828), 2 Blackf. 143, 147; *Groves* v. *McCabe* (1846), 8 Blackf. 88; *State* v. *Brown* (1883), 51 Conn. 1; *Dakin's Case* (1671), 2 Saund. 291, and notes.    See, also, Wharton, Crim. Pl. and Pr. (9th ed.), §§122, 158a; Gould, Pleadings (4th ed.), §§36-41; 19 Ency. Pl. and Pr., 251-257; Clark, Crim. Proc., 173; 8 Words and Phrases, 7319; 1 Bishop, Crim. Proc. (4th ed.), §406.

The part of said rule, that when the matter laid under a *videlicet* is material and impossible or repugnant to what precedes the *videlicet* it will vitiate the pleading as an entirety, has been somewhat modified in this State by §2063 Burns 1908, Acts 1905, pp. 584, 625, §192, which provides: "No indictment or affidavit shall be deemed invalid, nor shall the same be set aside or quashed, nor shall the trial, judgment or other proceeding, be stayed, arrested or in any manner affected for any of the following defects:    *    *    *

Sixth. For any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged. * * * Tenth. For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits.''

We have already shown that the allegations of said affidavit preceding the *videlicet* purported to charge a misdemeanor, and not a felony, and even if what is alleged 6. under the *videlicet* concerning appellant having illicit intercourse with said girl charged a felony as claimed by appellant, the question was presented for the determination of the juvenile court whether or not under the rule applicable to pleadings under a *videlicet* as modified by §2063, *supra*, said charge of felony was repugnant to, or inconsistent with the allegations preceding the *videlicet*, and if so, whether it nullified such allegations, or whether said charge of felony should itself be disregarded as ''surplusage'' or as a ''repugnant allegation,'' thus leaving said allegation preceding the *videlicet* and the other allegations under the *videlicet* in full force, and the affidavit charging only a misdemeanor.

Said Juvenile Court of Marion County was given complete jurisdiction to hear and determine all charges of misdemeanor under the act of 1905 (Acts 1905, p. 440, §1641 Burns 1908), and section two thereof as amended in 1907 (Acts 1907, p. 266, §1648 Burns 1908), and as said affidavit purported to charge a misdemeanor under said act of 1905 and the amendment of 1907, said court had full and complete jurisdiction of the subject-matter thereof, and also, as the record shows, of the person of appellant. Having such jurisdiction said court was bound to act, and decide all the questions heretofore mentioned and all other questions going to the sufficiency of the facts alleged in said affidavit to charge a misdemeanor under said acts of 1905 and 1907.

If the court had jurisdiction to decide these questions correctly, it also had jurisdiction to decide them erroneously

(*Koepke* v. *Hill* [1901], 157 Ind. 172, 178, 87 Am. St. 161) and if decided erroneously, this would not render the judgment void.

The Juvenile Court of Marion County, by convicting appellant of a misdemeanor, and assessing his punishment under section three of the act of 1905 (Acts 1905, p. 440, §1649 Burns 1908), determined and adjudged that said affidavit only charged appellant with a misdemeanor under said act of 1905 and the amendment of 1907.

Even if said affidavit was defective, or failed properly to charge a public offense under §§1641, 1648, *supra,* this would not render the judgment void and subject to collateral attack. *McLaughlin* v. *Etchison* (1891), 127 Ind. 474, 22 Am. St. 658. It follows from the authorities cited that, even though said judgment was erroneous, and there were intervening errors, the same is not void, and therefore not subject to collateral attack by *habeas corpus,* or in any other manner.

Appellant's remedy to correct errors, if any were committed in said court, was by appeal to the proper appellate tribunal. It follows that the court below did not err in sustaining appellee's motion to quash the writ of *habeas corpus.*

Judgment affirmed.