HOSKINS v. THE STATE.

CRIMINAL LAW.—DEFECTIVE VERDICT.—On a trial upon an information for grand larceny, there was a verdict of guilty, and that the defendant be imprisoned in the state prison for one year, &c. After the verdict was entered, the defendant moved for his discharge, on the ground that the verdict was defective, in fixing the penalty at one year in the state prison, when the shortest term fixed by statute for grand larceny is two years.

*Held*, that as the jury might, under the statute, have found the defendant guilty of petit larceny, and have imposed the exact penalty they did, he was not prejudiced in his substantial rights, and was not entitled to his discharge.

APPEAL from the *Orange* Common Pleas.

RAY, J.—The appellant, being confined in the jail of *Orange* county, on a charge of grand larceny, and not indicted, was, at the *February* term, 1867, of the *Orange* Court of Common Pleas, upon an information filed by the prosecuting attorney of said court, taken before said court and put upon his trial. The information charges: "That said *Isaac Hoskins* is now confined in the county jail of *Orange* county, on a charge of grand larceny," &c., and recites the offense to be as follows: "That said *Isaac Hoskins* did, at the county of *Orange*, and State of *Indiana*, on the 29th day of *October*, 1866, feloniously steal, take, and carry away six one dollar bills, commonly known as 'greenbacks,' of the value of one dollar each; two half dollars, fractional currency, of the value of fifty cents each," &c. The jury returned the following verdict: "We, the jury, find the defendant guilty under the information herein, and that he be fined the sum of five dollars, and that he be imprisoned in the state prison for the term of one year, and disfranchised and rendered incapable of holding any office of trust or profit for the term of three years." Upon the return of this verdict, appellant moved the court to be discharged, because the jury had returned no legal verdict against him. His motion was overruled and he excepted. Judgment was

then pronounced against him upon the finding and verdict of the jury.

The appellant insists that the finding of "guilty, under the information," is a conviction of everything therein well charged; a finding that the appellant stole every article which the information specifies, and that they were each of the value stated; that therefore the conviction was of grand larceny, and as the statute requires the punishment to be at least two years in the state prison, the jury had no power to impose the penalty of one year, and the finding was therefore illegal and void, and the appellant entitled to his discharge. The error assigned in this court is the refusal to discharge the appellant. We think there was no error. In the case of *The Commonwealth* v. *Hatton*, 3 Grat. 623, it was held that where a prisoner had been tried for a felony, and the judgment was arrested because the verdict against him was too uncertain and defective to authorize a judgment thereon, the prisoner might be again tried on the same indictment. In a case where it was the duty of the jury to impose the fine, and the verdict merely found the defendant guilty, it was held that no judgment could be entered on the verdict over the objection of the defendant, but that a new trial must be had. *The Commonwealth* v. *Scott*, 5 Grat. 697. "If the jury bring in a defective verdict, it is in the power, equally, of the prisoner and the prosecuting attorney, to have it set right, and suppose the prisoner chooses not to interfere, and suffers a defective verdict to be entered, as his interest would always prompt him to do, in preference to a verdict of guilty in due form, he, by thus failing to interpose, waives his objection to being put a second time in jeopardy for the same offense." Bishop's Cr. Proc., § 842. At all events, under our statute, the prisoner was not entitled to his discharge. The jury had power to find him guilty of petit larceny under the information, and to impose the exact punishment inflicted. Section 118 of the criminal code (2 G. & H. 419,) provides, that "on the trial of a criminal prosecution, exceptions may be taken by the de-

fendant to any decision of the court upon a matter of law, by which his substantial rights are prejudiced." Section 160 provides, that "on an appeal the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

The judgment is affirmed.

*A. M. Black* and *F. Wilson*, for appellant.

*D. E. Williamson*, Attorney General, for the State.