## In the Matter of William T. Underwood.

*Habeas corpus* is not the proper remedy to test the validity of an order of the recorder's court of Detroit made in pursuance of the statute (*Comp. L.*, § 7957), and committing to the state prison until further order one who has been tried in said court for murder and acquitted by reason of insanity; the question should be raised by writ of error or other appropriate remedy.

*Heard and decided January 5.*

Application for *Habeas Corpus.*

The petitioner was tried in the recorder's court of Detroit for murder, and was acquitted by reason of insanity. The recorder, in pursuance of the statute (*Comp. L.*, § 7957), committed him to the state prison until further order; and he is now confined by virtue of such commitment in the insane asylum attached to the state prison.

*Henry M. Cheever*, for the prisoner, applies for a writ of *habeas corpus* to inquire into the legality of the imprisonment by virtue of such commitment, insisting that the statute authorizing it is unconstitutional and void.

THE COURT held that the question sought to be raised would necessarily involve a review of the order of the recorder's court, by virtue of which the prisoner is confined, and that *habeas corpus* is not the proper remedy; and that the question must be raised by writ of error or other appropriate remedy.

Writ denied.