## In the Matter of Esther Coffeen.

*Error lies to review a conviction.*

The validity of a conviction is to be passed upon on a writ of error, and not on an application for the writ of *habeas corpus*.

Habeas corpus.    Application submitted and denied January 30.

*D. J. McCarthy* for the writ.

Attorney General *Otto Kirchner* against.

Per Curiam.    The petition shows that the petitioner was convicted, and so far as appears, regularly convicted of arson and sentenced to the State Prison.    This writ is applied for on the ground that by § 8165 of the Compiled Laws, all women convicted of offenses punishable theretofore in the State prison (except murder) should be sentenced to confinement in the Detroit house of correction for such term of years as the court should deem just.

This is a common law proceeding and does not come under the statute, which in certain cases makes the writ

of habeas corpus a writ demandable of right. It is not usual to make this writ perform the duty of a writ of error, and it should not be allowed to have that effect where the ends of justice would be endangered by it.

As the conviction in this case was in due course of law, it is a question involving very serious consideration whether the sentence is one which cannot be rectified by a new sentence, in case it is found that the statute has the effect of annulling the first sentence, which is also a question not to be lightly passed upon.

If the applicant should be finally found entitled to go at large, it will be upon an error founded on no meritorious ground. Upon habeas corpus, if it should turn out there is no valid sentence, we could not render any judgment which would operate directly upon the judgment below. We shall not pass, therefore, upon its validity until we have it before us on writ of error, when every consideration can be examined properly, and complete justice done so far as the law will enable us to do it.

Petition refused.