*In re* MAGUIRE.

HABEAS CORPUS—COMMITMENT TO ASYLUM—VALIDITY.

> *Habeas corpus* is not the proper remedy to test the validity of
> an order of the circuit judge, entered after an inquiry into
> the sanity of one in jail awaiting arraignment on a charge
> of arson, committing the accused to the asylum for the dan-
> gerous and criminal insane until restored to his right mind.

*Habeas corpus* by Alice Maguire to inquire into the
cause of the detention of her husband, Eugene Maguire,
by the superintendent of the Michigan asylum for the
dangerous and criminal insane.   Submitted July 13, 1897.
Denied July 16, 1897.

*Mains & Cavanagh*, for petitioner.

*Fred A. Maynard*, Attorney General, and *Andrew
W. Lockton*, Prosecuting Attorney, for respondent.

MOORE, J.   Eugene Maguire, who was in jail in Cal-
houn county awaiting arraignment charged with the
crime of arson, was said to be insane.   The circuit judge
caused an inquiry to be made in open court, in the pres-
ence of said Maguire, as to his sanity.   The judge found
he was insane, and entered an order releasing him from
imprisonment in the county, and committing him to the
Michigan asylum for the dangerous and criminal insane
at Ionia, until restored to his right mind or otherwise
discharged.   He is now confined by virtue of such com-
mitment.   Mains & Cavanagh apply for the writ of
*habeas corpus*, claiming that the statute authorizing the
inquiry and commitment is unconstitutional and void,
and that the proceedings before the circuit court were
irregular and void.   We think this case is ruled by the
*Case of Underwood*, 30 Mich. 502, and the *Case of*

*Coffeen*, 38 Mich. 311.   See 2 How. Stat. § 8575, subd. 2. The writ is denied.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, C. J., did not sit.