## KOEPKE, SHERIFF, *v.* HILL.

[No. 19,356.    Filed June 21, 1901.]

HABEAS CORPUS. — *City Ordinance. — Constitutionality. — Collateral Attack.*—A judgment of the police court of Evansville convicting defendant for violation of a city ordinance is not void on account of the unconstitutionality of the ordinance, and the action of the circuit court in refusing to quash a writ of *habeas corpus* for the release of defendant, on the ground that the ordinance was unconstitutional, was erroneous.

From Vanderburgh Circuit Court; *H. A. Mattison,* Judge.

*Habeas corpus* by Paul C. Hill against Martin Koepke, as sheriff. From the action of the court in overruling a motion to quash the writ, defendant appeals. *Reversed.*

Koepke *v.* Hill.

*A. Gilchrist, C. A. De Bruler* and *D. C. Givens,* for appellant.

*F. B. Posey* and *D. Q. Chappell,* for appellee.

Baker, J.—On his application for a writ of *habeas corpus* appellee was discharged from the custody of appellant as sheriff of Vanderburgh county.

The facts shown by the petition are these: In 1893 the legislature gave to cities of the class to which Evansville in Vanderburgh county belongs the right "to license, tax and regulate branch stores or establishments and all other concerns established in said city for temporary business only." §3927 Burns 1894. The city of Evansville in 1894 passed and promulgated an ordinance entitled "An ordinance to license, tax and regulate branch stores or establishments and all other concerns established in the city of Evansville for temporary business only." The first section declared "that it shall be unlawful to establish, conduct or maintain any branch store or establishment or any other store or concern in said city for temporary business only, without first procuring a license therefor." The second section fixed the license fee at $25 a day for the first thirty days and $10 a day for each day thereafter. The third section prescribed how an application for license should be made. The fourth section denounced the maintenance of branch or temporary stores without license and provided a fine for each day's violation. The fifth section declared an emergency. The sixth and last section repealed conflicting ordinances. In 1899 appellee, as agent of a Chicago house, opened in Evansville a temporary store for the sale of works of art. The business was innocuous to public morals. After appellee had conducted the business some time, twenty-six affidavits were filed in the police court of the city of Evansville, each charging that appellee on a day named "did violate sections three and four of an ordinance of said city, which ordinance was duly passed by the common council of said city on October 8, 1894, and duly published according to law on Oc-

tober 9 and 16, 1894, by then and there unlawfully establishing, locating, conducting and maintaining a temporary store for the sale of pictures and merchandise in the city of Evansville for temporary business only, without first procuring a license to do so". Warrants were issued, upon which appellee was arrested and brought before the court. He pleaded not guilty, was tried, convicted and sentenced in each case to pay a fine of $10 and costs. On default of payment of the fines, mittimuses were issued, on which appellee was committed to the custody of appellant as sheriff, and the time of commitment had not expired when appellee's petition for *habeas corpus* was filed in the Vanderburgh Circuit Court. Appellee, in his petition, alleged "that his restraint is illegal in this, that said pretended ordinance is repugnant to the Constitution of the State of Indiana and to the Constitution of the United States, and is beyond the authority of the city of Evansville because no such power has been granted to it by its charter or the laws of the State."

Appellant's motion to quash the writ was overruled, and error is assigned on that ruling, among others.

Counsel for appellee very forcefully contend that the ordinance is invalid on the grounds stated in the petition. Counsel for appellant with equal vigor argue to the contrary, but first insist that the question as to the proper construction of the various constitutional provisions, and of the statutes conferring powers upon cities, and of the ordinance of the city of Evansville, was not open to investigation on *habeas corpus* proceedings. Whether or not this contention is true is a question that lies at the threshold of the case.

Section 1133 Burns 1894, §1119 R. S. 1881 and Horner 1897, provides that "no court or judge shall inquire into the legality of any judgment or process whereby the party is in his custody, or discharge him when the term of commitment has not expired, in either of the cases following: * * * Second. Upon any process issued on any final judgment of a court of competent jurisdiction". The police

court of the city of Evansville is a court of record, and the statute creating it expressly declares that "all its judgments, decrees, orders and proceedings shall have the same force and effect as those of the criminal or circuit courts, except that no judgment shall be a lien on real estate otherwise than is provided by taking transcript". Acts 1893, p. 65, *et seq.*, §113, §4017 Burns 1894; *Peters* v. *Koepke*, 156 Ind. 35. The police court of the city of Evansville has exclusive original jurisdiction of all violations of ordinances of the city and original concurrent jurisdiction with the circuit court in cases of certain felonies and misdemeanors. Acts 1893, p. 65, *et seq.*, §§115, 116, §§4019, 4020 Burns 1894; Acts 1895, p. 258, *et seq.*, §33, §4020 Burns Supp. 1897. It thus appears from the law of its creation that the police court of the city of Evansville was a competent court, and indeed the only competent court, in which to prosecute actions for violations of the city's ordinances.

No question arises in this case with respect to usurpation of authority by a court of inferior jurisdiction in acting in a matter outside of the charter of its powers, as if, for example, a justice of the peace, instead of binding over a party accused of murder to the criminal or circuit court for trial, should convict the accused and sentence him to be hanged. *Miller* v. *Snyder*, 6 Ind. 1. For the police court of Evansville, so far as the right to hear and determine a charge of violating an ordinance of the city is concerned, stands on as broad a footing as the circuit court of the county does in regard to the trial of an indictment for murder. The particular question, therefore, is this: Is the judgment of a court, which is the only tribunal before which the prosecutor can bring his charge of some alleged offense, void because the statute or ordinance that defines the offense is unconstitutional?

The Supreme Court of the United States and many of the state supreme courts answer the question in the affirmative. Church on Habeas Corpus (2nd ed.), §83; 15 Am. & Eng.

Ency. of Law (2nd ed.) p. 204. In this State, however, the holdings have been to the effect that, whenever a court is confronted with a question which it has a right to decide correctly, its erroneous judgment will not be subject to a collateral attack, irrespective of whether the mistake of law concerned the common, or statutory, or constitutional law. *Wright* v. *State,* 5 Ind. 290, 61 Am. Dec. 90; *Cassel* v. *Scott,* 17 Ind. 514; *Wentworth* v. *Alexander,* 66 Ind. 39; *Lowery* v. *Howard,* 103 Ind. 440; *Willis* v. *Bayles,* 105 Ind. 363; *McLaughlin* v. *Etchison,* 127 Ind. 474, 22 Am. St. 658; *Board of Guardians* v. *Shutter,* 139 Ind. 268, 31 L. R. A. 740; *Jones* v. *Cullen,* 142 Ind. 335; *Hiatt* v. *Town of Darlington,* 152 Ind. 570; *Pritchett* v. *Cox,* 154 Ind. 108; *Winslow* v. *Green,* 155 Ind. 368; *Webber* v. *Harding,* 155 Ind. 408; *Peters* v. *Koepke,* 156 Ind. 35. In *McLaughlin* v. *Etchison, supra,* a judgment of conviction upon an affidavit which failed to charge a public offense was held to be impervious to a collateral assault. The failure to charge a public offense did not result from a deficient statement of facts. The facts were fully alleged. McLaughlin was charged with maintaining a public nuisance by erecting a high and useless fence which interfered with one Fraly's use of his own property. The mistake was with respect to the statutory law. There was no statute which denounced the acts done by McLaughlin as a public offense. And yet the court before which the charge was presented determined that there was. Surely, it is no greater a mistake of law to decide that a statute (unconstitutional in the opinion of some other tribunal) does not contravene the constitution than to hold that there is a statute which declares certain acts to constitute a public offense when there is no such statute. In *Cassel* v. *Scott, supra,* Cassel filed certain bonds in the auditor's office of Wayne county in compliance with an act "to regulate the retailing of spirituous liquors". The act was held to be unconstitutional in *Meshmeier* v. *State,* 11 Ind. 482. A judgment was obtained on Cassel's bonds, and he sought

to enjoin the collection of the judgment. In the action on the bonds Cassel could have successfully maintained the defense of no consideration because the act was unconstitutional, but he was not permitted to attack the judgment collaterally. The common law, the statutes, and the constitutions make up the law of the land. They are all law. On principle, it is not perceived why a mistake in constitutional law should be visited with more serious consequences than a mistake in common or statutory law. "For if a person", as Judge Vanfleet says in §75 of his work on Collateral Attack, "should be tried on an information and be sentenced to be hanged, and the sentence should be confirmed and carried out by order of that court, and then the court, on further reflection, or by change of members, should come to a different conclusion in another case, and hold that in all such cases the constitution required an indictment, all persons engaged in the taking off of the first person would be guilty of manslaughter and liable for damages at the suit of his widow. * * * When any court, with all the facts and all the law before it, deliberately orders some malefactor to be incarcerated, and compels the officers to carry out its sentence under pain of severe punishment upon refusal, and then as deliberately entertains an action by him against them for false imprisonment, because it has changed its mind on the law, it can hardly expect such officers or their friends to entertain a very high respect for it."

In this case an affidavit was presented to the police court of the city of Evansville, charging appellee with violations of a city ordinance. There was no other court of original jurisdiction in which the charge could be filed and determined. The court was in duty bound to act. It had to decide whether the facts stated made a case within the ordinance, and whether the ordinance was within the delegated legislative power of the city, and, if so, whether the ordinance and statute authorizing it conflicted with any provi-

sion of the Constitution.    These were all questions of law,
and if the court had jurisdiction to decide them correctly, it
likewise had jurisdiction to decide them erroneously.    If the
ordinance in question was an exercise of the police power,
it might be held valid; if of the taxing power, invalid.    That
this one of the questions before the court was at least debat-
able may be seen by a comparison of the cases of *City of In-
dianapolis* v. *Bieler,* 138 Ind. 30, and *Pabst Brewing Co.*
v. *City of Terre Haute,* 98 Fed. 330, wherein opposite con-
clusions were reached on the question whether a somewhat
similar ordinance was an exercise of the police power or of
the taxing power.    If the police court had decided that this
ordinance was an invalid exercise of the taxing power, and
then the same or a higher tribunal had held the ordinance
to be a valid exercise of the police power, it is conceivable
that appellee might insist upon his former acquittal as a bar
to another prosecution for the same acts, although the judg-
ment of acquittal was founded wholly upon a mistake in
constitutional law.    The conclusion that a judgment under
a statute which is erroneously held to be constitutional is not
void, is supported by the cases of *People* v. *Jonas,* 173 Ill.
316, 50 N. E. 1051; *In the matter of Underwood,* 30 Mich.
502; *In the matter of Coffeen,* 38 Mich. 311; *In re Ma-
guire,* 114 Mich. 80, 72 N. W. 15; *Ex parte Fisher,* 6 Neb.
309.

If a federal question were duly presented, we would be
constrained to follow the decisions of the Supreme Court of
the United States.    But the averments of the petition dis-
close that the ordinance applies to residents and nonresi-
dents without discrimination, and that the goods were within
this State before and when offered for sale.    The petition
does not allege that the owners of the goods were not resi-
dents of this State.    They may have resided here and owned
a business in Chicago.    No question of a denial of the equal
protection of our laws, or of an interference with interstate
commerce, is involved.    *City of South Bend* v. *Martin,* 142

Ind. 31, 29 L. R. A. 531; *City of Huntington* v. *Mahan,* 142 Ind. 695, 51 Am. St. 200; *Emert* v. *Missouri,* 156 U. S. 296.

Judgment reversed, with instructions to quash the writ.