Baker v. Krietenstein, Sheriff—185 Ind. 693.

BAKER *v.* KRIETENSTEIN, SHERIFF.

[No. 23,173.   Filed December 19, 1916].

1.  HABEAS CORPUS.—*Sufficiency of Petition.*—*Motion to Quash Writ.* —A motion to quash the writ is the proper method of testing the sufficiency of a petition for a writ of *habeas corpus.*   p. 695.

2.  HABEAS CORPUS.—*Erroneous Decision.*—*Collateral Attack.*— *Right to Writ.*—*Statute.*—Where the circuit court, having jurisdiction of the subject-matter of the action and of the defendant, erroneously sentenced him to the county jail instead of the state penal farm, contrary to §9926h Burns 1914, Acts 1913 p. 660, providing that in certain criminal cases the accused shall be committed to the state penal farm, the judgment of the court, even though erroneous, was conclusive, where there was no appeal or other direct attack on such judgment; and it cannot be questioned in a *habeas corpus* proceeding to compel the release of the accused, since that would be a collateral attack, and §1176 Burns 1914,

§1119 R. S. 1881, provides that no court or judge shall inquire into the legality of any judgment or process whereby a party is in custody and discharge him when the term of commitment has not expired upon any process issued on final judgment of a court of competent jurisdiction.   p. 695.

From Vigo Superior Court; *James P. Stunkard,* Special Judge.

*Habeas Corpus* proceeding by Lusco Baker against George W. Krietenstein, sheriff.   From an order quashing the writ, the plaintiff appeals.   *Affirmed.*

*Charles M. Fortune,* for appellant.
*Walker & Blankenbaker,* for appellee.

Erwin, J.—Appellant, on March 28, 1916, was by the circuit court of Vigo county adjudged guilty of petit larceny on his plea of guilty, and was on said day sentenced to the jail of Vigo county for a term of 150 days and fined in the sum of $100 and ordered committed to said jail until the fine was paid or replevied.   No exceptions were taken to the action of the court at the time or at any time, and no appeal was ever taken from the judgment so entered.

On September 19, 1916, appellant filed his petition in the superior court of said county asking that a writ of *habeas corpus* issue against the sheriff of said county, alleging the facts as set out above and averring that the judgment of the circuit court was void for the reason that the court had no power to commit him, appellant, to the jail for a period of more than sixty days, but that he should have been committed to the Indiana State Farm, under the provisions  of §8 of the act of the general assembly approved March 14, 1913, Acts 1913 p. 660, §9926h Burns 1914.   Upon the filing of the petition duly verified, the Superior Court ordered

the writ, directing the sheriff of said county to produce the body of appellant in court on September 28, 1916, at 9 o'clock a. m.   On the date of the return of the writ appellee, sheriff of said county, produced appellant in open court and thereupon moved to quash the writ.   The court sustained the motion to quash and remanded appellant to the custody of appellee, as sheriff.   A motion to

1. quash the writ is the proper proceeding to test the sufficiency of the petition.   *Edenharter, etc.* v. *Connor* (1916), 185 Ind. 643, 114 N. E. 212; *Willis* v. *Bayles* (1886), 105 Ind. 363, 5 N. E. 8.

It is insisted by appellant that the judgment of the Vigo Circuit Court is utterly void and that therefore he has a right to his liberty, under the writ of *habeas corpus*.   Appellant insists that the judgment committing him to jail is void by reason of the provisions of the Act of March 14, *supra*, which provides that in cases of the character of the one in question the court had no jurisdiction to commit him to jail, but that he should have been committed to the State Farm.

Appellee insists that as the circuit court has jurisdiction of appellant and the subject-matter in the original action by which judgment appellant was committed to jail; that the judgment was at most erroneous and that appellant had the remedy of appeal from that judgment if not satisfied therewith, and, not having appealed, that he cannot now attack the same collaterally, which this proceeding seeks to do.

We are of the opinion that appellee's contention must prevail.   Where a court, having jurisdiction of the subject-matter of the litigation, and the

2. parties to the action, enters a judgment, that judgment is final unless appealed from to some court having jurisdiction to review the errors

of law arising upon the record. The power to decide includes the power to decide wrong, and an erroneous decision is not subject to collateral attack, irrespective of whether the mistake is one of common, statutory or constitutional law. *Stone* v. *Elliott* (1914), 182 Ind. 454, 466, 106 N. E. 710, and cases cited; *Koepke* v. *Hill* (1901), 157 Ind. 172, 176, 60 N. E. 1039, 87 Am. St. 161.

It is not contended but that the circuit court had jurisdiction of the charge of larceny brought against appellant. If the question of the jurisdiction of the circuit court was debatable, that court in assuming jurisdiction decided that it had jurisdiction to enter the judgment. Its judgment is impervious to collateral attack. *Stone* v. *Elliott, supra,* and cases cited on pages 476, 477. "It is a familiar principle that, when a court of competent jurisdiction acquires jurisdiction of the subject-matter of a case, its authority continues, subject only to appellate authority, until the matter is finally and completely disposed of; and no court of coördinate authority is at liberty to interfere with its actions. This doctrine is applicable both to civil cases, and to criminal prosecutions." 7 R. C. L. §105, p. 1067, and cases cited under notes 8 and 9. In the case of *Lowery* v. *Howard* (1885), 103 Ind. 440, 3 N. E. 124, the court said, in substance, that a judgment entered by a court, having jurisdiction of the cause, imposing a penalty which the court had no authority to make, is not void and cannot be attacked collaterally on *habeas corpus.*

Section 1176 Burns 1914, §1119 R. S. 1881, provides that "no court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following: * * * Second, Upon any

process issued on final judgment of a court of competent jurisdiction." In *Ex Parte Siebold* (1879), 100 U. S. 371, 25 L. Ed. 717, the Supreme Court of the United States announces the following: "The only ground on which this court, or any court, without some special statute authorizing it, will give relief on *habeas corpus* to a prisoner under conviction and sentence of another court is the want of jurisdiction in such court over the person or the cause, or some other matter rendering its proceedings void." See, also, *Ex parte Parks* (1876), 93 U. S. 18, 23 L. Ed. 787; *Willis* v. *Bayles, supra; Gillespie* v. *Rump* (1904), 163 Ind. 457, 467, 72 N. E. 138, and cases cited; *State* v. *Morrison* (1905), 165 Ind. 461, 462, 75 N. E. 968. If it were otherwise, litigation would never end. If a circuit court entered a judgment in any particular, the superior court of such county could render that judgment noneffective by setting it aside under a petition for a writ of *habeas corpus*, or injunction, and the circuit court could, in turn, review the judgment of the superior court, and this proceeding continue on *ad infinitum.* 7 R. C. L. §105, p 1067, and cases cited under note 10.

There is only one way known to the law in this State for reviewing errors of law occurring in a trial of a criminal case, and that is by proper exceptions to the ruling of the court and an appeal to the Supreme Court assigning as error the ruling complained of, unless the judgment is absolutely void (*Willis* v. *Bayles, supra*), except perhaps the extraordinary remedy of writ of *coram nobis.* *Sanders* v. *State* (1882), 85 Ind. 318, 44 Am. Rep. 29.

The petition in this cause affirmatively shows that the judgment entered against appellant was in a cause of which the circuit court had jurisdiction, both as to the subject-matter and the parties, and

the court did not err in sustaining the demurrer to the writ. Judgment affirmed.

NOTE.—Reported in 114 N. E. 445.