## *In re* PARRISH.

HABEAS CORPUS — COURTS — DE FACTO COURT — CONSTITUTIONAL LAW.

Where plaintiff was convicted in the recorder's court of the city of Detroit of practicing medicine without a license, he cannot properly be discharged upon *habeas corpus*, since said court is a *de facto* court, and the constitutionality of the act (Act No. 369, Pub. Acts 1919), creating it cannot be attacked in said proceeding.

*Habeas corpus* proceedings by Clinton ·C. Parrish to obtain his release from the custody of the sheriff ·of Wayne county, submitted January . 4, 1921. (Calendar No. 29,363.) Writ dismissed March 30, 1921.

*A. L. Williams (Willis & Hinton,* ·of counsel), for plaintiff.

*Matthew H. Bishop,* Prosecuting Attorney, for ·defendant.

BIRD, J. Defendant was convicted in the recorder's court for the city of Detroit ·of practicing medicine contrary to· the provisions of the statute without a license, and remanded to the custody ·of the sheriff. He now petitions this court for a writ of· *habeas corpus* claiming to· be illegally detained by the sheriff because Act No. 369 of the Public Acts of 1919, creating the court ˙which tried him, is unconstitutional and void.

This court in an early case refused to issue the writ of *habeas corpus* in behalf ·of one who· had been acquitted ·of murder on the ground of insanity and committed to the insane asylum connected with the State prison. It was said by the court not to· be the proper remedy. *In. re Underwood,* 30 Mich. 502.

Practically the same question came before the court again in *Re McGuire,* 114 Mich. 80, and the court again refused to issue the writ, holding that the application must be ruled by *In re Underwood, supra.* Recently the question was considered by this court in *Gildemeister* v. *Lindsay,* 212 Mich. 299, upon appeal, where the authorities were reviewed at some length by Mr. Justice STONE, and the result! reached that the constitutionality ·of the act creating the court could not be determined in controversies between private parties. Following this the case of

*People* v. *Kongeal,* 212 Mich. 307, came from the recorder's court to this court by writ of error, and one of the questions raised was the constitutionality of the act creating that court. This court refused to consider the point, holding it was ruled by *Gildemeister* v. *Lindsay, supra.*

The rule of practice on the question is very well stated in 12 Ruling Case Law, p. 1203, where it is said:

"It is the well settled general rule that on *habeas corpus* it may be shown that the court under whose judgment or order the prisoner is deprived of his liberty had no legal existence, for if there was no lawful court the pretended trial and judgment was absolutely void. It is generally held, however, that this rule has no application to the case of *de facto* judges, and that a person convicted by a judge *de facto,* acting under color of office, though not *de jure,* and detained in custody in pursuance of his sentence, cannot be properly discharged upon *habeas corpus.*" Citing authorities.

In view of the attitude heretofore taken by this court that the recorder's court is a *de facto* court the remedy of *habeas corpus* is not the proper remedy to test the constitutionality of the act creating the court, the prayer of the petition must be denied.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.