STATE OF INDIANA, EX REL. FLATTER *v*. HIATT, SHERIFF.

[No. 23,896. Filed June 1, 1922.]

1. HABEAS CORPUS.— *Erroneous Order of Commitment.*— *Collateral Attack.*—*Statutes.*—Where a circuit court, having jurisdiction of the subject-matter and of the person of defendant in a criminal prosecution, erroneously sentenced him to the county jail instead of the State Penal Farm, contrary to §9926h Burns' Supp. 1921, providing that in certain criminal cases the term of imprisonment imposed upon conviction shall be served at the State Penal Farm, the judgment was not void or open to collateral attack by *habeas corpus*, in view of §1176 Burns 1914, §1119 R. S. 1881, providing that no court or judge shall inquire on *habeas corpus* into the legality of any judgment or process whereby a party is in the custody of any officer, or discharge him when the term of commitment has not expired when he is held under any process issued on any final judgment of a court of competent jurisdiction. p. 155.

2. JUDGMENT. — *Erroneous Decision.* — *Conclusiveness.* — The power vested in a court to decide includes the power to decide wrong, and an erroneous decision is as binding as one that is correct until set aside or corrected in a manner provided by law. p. 155.

3. HABEAS CORPUS.—*Right to Writ.*—*Ignorance of Accused of Legal Rights.*—Where accused, convicted of keeping a gaming house and committed to jail, had appealed from the final judgment before commencing the proceeding for *habeas corpus*, the fact that he and his counsel were ignorant of his statutory right to immunity from prosecution for the offense for the reason that, prior to his indictment, he had been compelled to testify in a civil action that he kept a gaming house, is not ground for the issuance of a writ of *habeas corpus*, it not being permissible in such a proceeding to inquire into the evidence upon which the court based the judgment of conviction upon which petitioner was committed to prison, or to inquire what other evidence might have been introduced if petitioner and his counsel had known the law, or what the court would have done if such evidence had been heard. p. 157.

4. HABEAS CORPUS.— *Right to Writ.*— *Errors in Judgment.*— *Want of Jurisdiction.*—A writ of *habeas corpus* will not issue to correct errors in deciding a question which was before the court, but only to set aside the action of a court or judge who had no jurisdiction to make any decision in the premises. p. 157.

From Delaware Superior Court; *Robert F. Murray,* Judge.

*Habeas corpus* proceeding by the State of Indiana, on the relation of Luther Flatter, against Thomas Hiatt, sheriff of Delaware county. From a judgment for defendant, the relator appeals. *Affirmed.*

*Gene Williams,* for appellant.

EWBANK, J.—Appellant filed his petition for a writ of *habeas corpus*, alleging that he was unlawfully deprived of his liberty and confined in the county jail by the sheriff of Delaware county, Indiana.

Appellee made his return that as such sheriff he held appellant in custody under an order of commitment issued by the clerk of the Delaware Circuit Court, under the seal of that court, upon a final judgment recited in

the order of commitment, which judgment commanded that for the public offense of keeping a gaming house appellant should be imprisoned in the jail for a period of forty days, and should pay a fine of $300 and the costs of the action, and be committed to jail until they were paid. The fact that the judgment on which the commitment was issued commanded that appellant be confined in the county jail for a period of more than thirty days instead of the state farm (Acts 1919 p. 81, §9926h Burns' Supp. 1921) did not make it void or open to collateral attack by *habeas corpus. Baker* v. *Krietenstein* (1916), 185 Ind. 693, 114 N. E. 445.

The Delaware Circuit Court is a court of general jurisdiction, including jurisdiction to try and convict (or acquit) persons charged with the offense of keeping a gaming house, with which appellant was charged. It had jurisdiction of the person of appellant. And whatever irregularities may have occurred, and whatever mistakes the court may have made, if any there were, did not lay its judgment open to collateral attack by *habeas corpus.* The power to decide includes the power to decide wrong, and an erroneous decision is as binding as one that is correct until set aside or corrected in a manner provided by law. *Baker* v. *Krietenstein, supra; Stone* v. *Elliott* (1914), 182 Ind. 454, 467, 106 N. E. 710; *Koepke* v. *Hill* (1901), 157 Ind. 172, 176, 60 N. E. 1039, 87 Am. St. 161.

The statute provides that no court or judge shall inquire (on *habeas corpus*) into the legality of any judgment or process whereby a party is in the custody of any officer, or discharge him when the term of commitment has not expired when he is held "under any process issued on any final judgment of a court of competent jurisdiction." §1176 Burns 1914, §1119 R. S. 1881.

Appellant was indicted, tried, convicted, sentenced and committed by the Delaware Circuit Court, which

had jurisdiction to do all those acts in the case of a person legally subject to conviction and sentence for the offense with which appellant was charged. If it committed an error *habeas corpus* was not the proper remedy to correct it. *Baker* v. *Krietenstein, supra.*

The petition alleged and counsel for appellant insist that before he was indicted he had been required to testify in a civil action before a justice of the peace that he kept the gaming house at the time charged in the indictment on which he was convicted, and that he and his counsel were ignorant of his statutory right to immunity from prosecution for the offense about which he was required to testify (§§2112, 2113 Burns 1914, Acts 1905 p. 584, §§236, 237) until after the trial had ended, and after the Supreme Court had affirmed the judgment of conviction.

But it is not permissible, by *habeas corpus,* to inquire into the evidence on which the court that tried the criminal case based the judgment of conviction on which the petitioner was committed to prison, nor to inquire what other evidence might have been introduced if the petitioner and his counsel had known the law, nor what the court would have done or ought to have done if such evidence had been heard. A writ of *habeas corpus* will not issue to correct errors in deciding a question which was before the court, but only to set aside the action of a court or judge who had no jurisdiction to make any decision at all. *Gillie* v. *Fleming* (1922), 191 Ind. 444, 133 N. E. 737.

This case is not within those authorities which have held that errors might be corrected by a court having appellate jurisdiction on petition for *habeas corpus* if the law provided no other method for reviewing the action of the trial court. The law of Indiana gives the right of appeal in criminal cases, and appellant actually had prosecuted an appeal to final judgment before this

suit was commenced.    It is not the law that one who has the right of appeal may resort to *habeas corpus* by alleging and testifying that he and his counsel were ignorant of his rights and of the remedies afforded him by law, and that he failed to present his defense to the courts at the time and in the manner prescribed by law.

The judgment is affirmed.