## GOODMAN *v.* DALY, WARDEN.

[No. 25,640.   Filed April 5, 1929.   Rehearing denied October 8, 1929.]

*Ira. C. Tilton,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Virgil E. Whitaker,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—On the 11th day of June, 1928, the appellant filed his verified petition for a writ of *habeas corpus* in the LaPorte Superior Court, LaPorte County, Indiana. In his petition he alleges that he is unlawfully restrained of his liberty by one Walter H. Daly, warden of the State Prison at Michigan City, Indiana, at and in said county and state. The appellant also alleges that the cause and pretense of said restraint is set out in his complaint by a certified copy of the proceedings in the St. Joseph Superior Court, at South Bend, Indiana, wherein this petitioner was tried on an indictment and found guilty of the crime of burglary; that the indictment against him also charged grand larceny and that the defendant was an habitual criminal, as described in §§2339 and 2340 Burns 1926. That the petitioner in said cause was tried in St. Joseph Superior Court No. 2, and that the defendant is now holding him pursuant to a commitment issued by the said St. Joseph Superior Court No. 2.

A writ of *habeas corpus* was ordered issued against the

defendant, Walter H. Daly, returnáble June 28, 1928, at 10 o'clock a. m. The respondent, for his return, says that he is warden of the State Prison at Michigan City, Indiana, and, as such, has custody over the petitioner, John P. Goodman, by authority of a commitment which was issued on a judgment duly rendered in the St. Joseph Superior Court No. 2, ordering said petitioner to be imprisoned in the State Prison during his natural lifetime for the offenses of burglary and being an habitual criminal; that the term of said commitment has not been changed nor has it expired, and that a copy of said commitment is filed and marked "Exhibit 1," and made a part of his return. Said return is duly verified.

Exhibit No. 1 sets out a copy of the judgment and the order of commitment which is signed by the judge of said Superior Court of St. Joseph County, and charges the sheriff of St. Joseph County with the due execution of the judgment. To this paper is attached the certificate of the clerk of said Superior Court No. 2, of St. Joseph County, bearing date of November 10, 1923. The petitioner filed exceptions to the return, and the exceptions were overruled and judgment rendered in favor of appellee.

It appears from the record that this commitment was issued and served November 10, 1923. It was issued out of Superior Court No. 2, of St. Joseph County. This present suit was brought on the 11th day of June, 1928. The judgment upon which the commitment in this case was issued was never appealed from and is in full force and effect. We know from the record that the commitment was issued by Superior Court No. 2, of St. Joseph County, Indiana, on a judgment rendered in said court. We know that the LaPorte Superior Court is a court of co-ordinate jurisdiction with the said St. Joseph Superior Court No. 2. We know from the record that the St. Joseph Superior Court No. 2 was a court

having jurisdiction to try the offense charged against the appellant and had both jurisdiction of the offense and of the person. This is apparent from the return and the record presented in this appeal. The LaPorte Superior Court has no jurisdiction to review the proceedings of the St. Joseph Superior Court No. 2. *Stephenson* v. *Daly* (1928), 200 Ind. 196, 158 N. E. 289; *Shideler* v. *Vrljich* (1925), 195 Ind. 563, 145 N. E. 881.

If an error was made by the said St. Joseph Superior Court, the remedy was by appeal, but, as we have seen, no appeal has been taken or attempted, although the appellant has been in prison for five years.

If the decision of Superior Court No. 2, of St. Joseph County was wrong, the appellant had his remedy by appeal and not by *habeas corpus*. See *Stephenson* v. *Daly, supra.* In *Shidler* v. *Vrljich, supra,* it is held that one circuit court has no jurisdiction to issue a writ of *habeas corpus* and set aside an order of commitment issued by another court having jurisdiction of the subject-matter and of the person. No circuit court has supervisory power over the orders of another, and it cannot be used by one court to correct the errors of another of equal jurisdiction. To the same effect, see *Baker* v. *Krietenstein* (1916), 185 Ind. 693, 114 N. E. 445; *Hunnicutt* v. *Frauhiger* (1927), 199 Ind. 501, 158 N. E. 572.

In *Koepke* v. *Hill* (1901), 157 Ind. 172, 60 N. E. 1039, it is held that whenever a court is confronted with a question which it has a right to decide correctly, its erroneous judgment will not be subject to a collateral attack, irrespective of whether the mistake of law concerned the common, or statutory, or constitutional law. Again, in the same case, it is said, the common law, the statutes, and the constitutions make up the law of the land. They are all law. On principle, it is not perceived why a mistake in constitutional law should be visited with more serious consequences than a mistake in com-

mon or statutory law. The conclusion that a judgment under a statute which is erroneously held to be constitutional is not void, is supported by the cases of *People, ex rel.,* v. *Jonas* (1898), 173 Ill. 316, 50 N. E. 1051; *In re Underwood* (1875), 30 Mich. 502; *In re Coffeen* (1878), 38 Mich. 311.

The contention of appellant as to the constitutionality of the habitual criminal act has no merit.

Section 1200 Burns 1926 provides that, "no court or judge shall inquire into the legality of any judgment or process whereby the party is in his custody, or discharge him when the term of commitment has not expired, in either of the following cases: . . . Upon any process issued on any final judgment of a court of competent jurisdiction." *Pritchett* v. *Cox* (1900), 154 Ind. 108, 56 N. E. 20; *Webber* v. *Harding* (1900), 155 Ind. 408, 58 N. E. 533; *Peters* v. *Koepke* (1901), 156 Ind. 35, 59 N. E. 33; *Gillespie* v. *Rump* (1904), 163 Ind. 457, 72 N. E. 138.

The fact that the defendant was convicted upon a defective affidavit does not render the judgment of conviction void and subject to collateral attack. An appeal is the sole remedy for the correction of mere defects in the proceedings of the trial court. *Tullis* v. *Shaw* (1908), 169 Ind. 662, 83 N. E. 376; *Hunnicutt* v. *Frauhiger, supra; Stephenson* v. *Daly, supra.*

No error appearing in the record, the judgment is affirmed.