**GOODMAN v. KUNKLE, Warden.** *

No. 5141.

Circuit Court of Appeals, Seventh Circuit.

July 25, 1934.

*Writ of certiorari denied 55 S. Ct. 218, 79 L. Ed. —.

Casper William Ooms, of Chicago, Ill., for appellant.

Philip Lutz, Jr., Atty. Gen., and Joseph P. McNamara, Asst. Atty. Gen., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

The District Court denied appellant's petition for habeas corpus to obtain his discharge from the Michigan City, Ind., state prison, where he is serving a life term of imprisonment under judgment and sentence in 1923 of the St. Joseph county, Ind., superior court, and this appeal followed.

The contention is that appellant is being deprived of his liberty without due process of law in contravention of the Fourteenth Amendment to the Constitution of the United States, and is entitled to be discharged on habeas corpus. The petition having been denied upon its face, we are concerned only with its sufficiency.

For appellee it is contended that, while the petition may disclose the intervention of errors in the entry of judgment, the judgment is not collaterally assailable by habeas corpus.

The conviction was predicated upon an indictment returned in 1923, charging appellant, in count 1, with feloniously breaking into and entering a dwelling in the nighttime with intent to steal goods and chattels; and, in count 2, with feloniously stealing goods and chattels, etc. Then followed a charge beginning with these words: "Count 3. And the aforesaid Grand Jury * * * do further present that John P. Goodman has previous to this indictment been convicted, sentenced and imprisoned in penal institutions three times, that his record is as follows:" Then follows the statement that in 1901 he was received at the state reformatory at Jeffersonville, Ind., to serve a three-year sentence for petty larceny, and there served to the expiration of the sentence; that in 1904 he was received at the state penitentiary at Joliet, Ill., to serve from one to twenty years

for burglary, from which institution he was paroled in 1910; that in 1910 he was received at the Ohio state penitentiary to serve eighteen years for burglary and larceny of an inhabited dwelling, from which institution he was discharged in 1919.

The verdict of the jury was: "We, the Jury, find the defendant, John P. Goodman, guilty of burglary as charged in count one of the indictment, and find his age to be 39 years, and that the defendant is an habitual criminal."

Thereupon the court pronounced the judgment and sentence that the defendant "be and he hereby is sentenced to imprisonment in the Indiana State Prison for life and that he be and he hereby is disfranchised from holding any office of trust or profit for a period of twenty-five (25) years."

It is contended for appellant that he was never convicted under count 3, wherein alone the former convictions were alleged, and that any judgment predicated on such assumed conviction is void; that finding him to be "an habitual criminal" is not a conviction under the Indiana habitual criminal statute; that the sentence fails to follow the statute, in that it did not sentence him for the specific crime alleged in count 1; that, therefore, the court was without jurisdiction or power to impose the sentence which it did impose, and the judgment and sentence are void, and he is thereby deprived of his liberty without due process of law, and habeas corpus is the proper proceeding for procuring his release.

The Indiana statute (Burns' 1926) respecting habitual criminals prescribes:

"2339. 1. Every person who, after having been twice convicted, sentenced and imprisoned in some penal institution for felony, whether committed heretofore or hereafter, and whether committed in this state or elsewhere within the limits of the United States of America, shall be convicted in any circuit or criminal court in this state for a felony hereafter committed, shall be deemed and taken to be an habitual criminal, and he or she shall be sentenced to imprisonment in the state prison for and during his or her life.

"2340. 2. To authorize a sentence of imprisonment for life under this act, the indictment or affidavit shall allege that the defendant has been previously twice convicted, sentenced and imprisoned in some penal institution, for felonies, describing each separately. If the trial jury, in their verdict, find these facts to be true, and convict such defendant of the third felony, the trial court, after pass-

ing sentence of imprisonment for a specific term, as prescribed by the statute, shall proceed to sentence the defendant to imprisonment for his or her life."

█ Habitual criminality is a state, not a crime. The so-called "count 3" is not, in fact, a separate "count" in the sense in which that term is customarily employed. Habitual criminal statutes, such as that of Indiana, do not create or define a new or independent crime, but they prescribe circumstances wherein one found guilty of a specific crime may be more severely penalized because of his previous criminalities as they are alleged and found. This was definitely decided in Barr v. State (Ind. Sup.) 187 N. E. 259. In McDonald v. Massachusetts, 180 U. S. 311, 21 S. Ct. 389, 390, 45 L. Ed. 542, the court, in considering a statute imposing greater punishment because of prior convictions for crimes, said: "The allegation of previous convictions is not a distinct charge of crimes, but is necessary to bring the case within the statute, and goes to the punishment only."

To substantially like effect is Graham v. West Virginia, 224 U. S. 616, 32 S. Ct. 583, 56 L. Ed. 917, and we had occasion to follow these cases and so declare in McCarren v. United States (C. C. A.) 8 F.(2d) 113.

While it is highly probable that in finding appellant to be "an habitual criminal" the jury deemed this to be tantamount to a finding that the allegations of so-called "count 3" were sustained, yet the finding in this respect fails to comply with the requirements of the Indiana habitual criminal statute. The comment of the Indiana Supreme Court in Kelley v. State (Ind. Sup.) 185 N. E. 453, 455, is clear, although the form of the verdict to comply with the statute was not there in issue. The court said: "To authorize a life sentence, the previous convictions, sentences, and imprisonments must be described specifically, and the jury must find that the defendant was convicted, sentenced, and imprisoned in the instances described, and not otherwise."

It also seems clear that in the imposition of sentence section 2340, supra, was not followed as to its requirement that "the trial court, after passing sentence of imprisonment for a specific term, as prescribed by the statute, shall proceed to sentence the defendant to imprisonment for his or her life." The court did not pass the statutory sentence for the specific crime charged in count 1, but imposed the sole sentence of life imprisonment—a sentence which the specific offense of which appellant was convicted does not carry.

Whether such noncompliance with the Indiana statute deprived the court of its jurisdiction, and rendered judgment and sentence void and the imprisonment to be without due process of law, and whether such a judgment and sentence are collaterally assailable by habeas corpus, have been often considered by the Indiana Supreme Court.

Baker v. Krietenstein, 185 Ind. 693, 114 N. E. 445, involved habeas corpus to discharge from imprisonment on a sentence of 150 days in the county jail and $100 fine where there was statutory power to impose but one penalty, which was commitment to the state farm. The court held that the judgment, though erroneous, was not void and was not subject to collateral attack. The opinion followed Lowery v. Howard, 103 Ind. 440, 3 N, E. 124, where habeas corpus had been brought to discharge Lowery, whom the court on plea of guilty for murder had sentenced to life imprisonment. The contention was, and the court held, that such a sentence could be imposed in Indiana only by a jury, but that nevertheless the judgment could not be collaterally attacked. State ex rel. Flatter v. Hiatt, 192 Ind. 154, 135 N. E. 577, 578, which followed Baker v. Krietenstein, supra, was also a habeas corpus proceeding to relieve from a jail sentence where the statute specified as a penalty commitment to a state farm. The court held that habeas corpus would lie "only to set aside the action of a court or judge who had no jurisdiction to make any decision at all." Denial of habeas corpus was sustained. Tullis v. Shaw, 169 Ind. 662, 83 N. E. 376, was an appeal from the lower court which had denied habeas corpus to relieve from imprisonment under a sentence of 180 days' confinement in the workhouse and $500 fine, whereas the statute prescribed for the offense a penalty of from two to twenty years in the state prison and no fine. The court held that this departure from the specified sentence would not render the judgment void, since the court in imposing it had jurisdiction over the person and the subject-matter; and that even if the affidavit on which the proceeding was based was defective, the judgment was not subject to collateral attack. The opinion cited McLaughlin v. Etchison, 127 Ind. 474, 27 N. E. 152, 22 Am. St. Rep. 658, which was also a habeas corpus proceeding under very similar circumstances, the court holding the judgment prescribing a penalty not within the statute involved error only, and did not involve any question of jurisdiction over the person and the subject-matter. In Williams v. Hert, 157 Ind. 211, 60 N. E. 1067, 87 Am. St. Rep. 203, the as-

serted ground for habeas corpus was a denial of a jury trial. The court, while holding that this was error, held that collateral attack of the judgment by habeas corpus was not permissible, since the court had jurisdiction of the person and the subject-matter. Koepke v. Hill, 157 Ind. 172, 60 N. E. 1039, 87 Am. St. Rep. 161, involved habeas corpus where it was contended that an ordinance under which conviction was had was invalid in that it was repugnant to the State and Federal Constitutions, and that the judgment was therefore void. It was concluded that even if the court below determined that question erroneously, nevertheless the judgment and sentence thereunder were not subject to collateral attack. To like effect are Hunnicutt v. Frauhiger, 199 Ind. 501, 158 N. E. 572, 576, and Stephenson v. Daly, 200 Ind. 196, 158 N. E. 239.

In some of these cases, as well as in Goodman v. Daly, 201 Ind. 332, 165 N. E. 906, the court referred to section 1200, Burns' Ind. Stats. 1926, which reads:

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in his custody, or discharge him when the term of commitment has not expired, in either of the cases following: * * *

"Second. Upon any process issued on any final judgment of a court of competent jurisdiction."

We find no Indiana decisions in conflict with the foregoing, and the rule of the state is thus definitely reflected in these cases.

■ If in any of those cases, as well as in appellant's case, there arose any question respecting transgression of the Federal Constitution, such question was cognizable in the state courts (Frank v. Mangum, 237 U. S. 309, 35 S. Ct. 582, 59 L. Ed. 969; Whitten v. Tomlinson, 160 U. S. 231, 16 S. Ct. 297, 40 L. Ed. 406; In re Wood (Wood v. Brush) 140 U. S. 278, 11 S. Ct. 738, 35 L. Ed. 505; In re Shibuya Jugiro (Jugiro v. Brush) 140 U. S. 291, 11 S. Ct. 770, 35 L. Ed. 516; Cole v. Van Horn, 67 F.(2d) 735 (C. C. A. 10); Hale v. Crawford, 65 F.(2d) 739 (C. C. A. 1); and, in a proper case, upon adverse decision in the state Supreme Court was reviewable by the United States Supreme Court (In re Wood, supra; Robb v. Connolly, 111 U. S. 624, 4 S. Ct. 544, 28 L. Ed. 542).

We can see no reason why the federal court should not follow the rule of the Indiana courts as to the right of resort to habeas corpus in collateral attack upon a judgment where the court pronouncing it had jurisdiction over person and subject-matter.

It happens that collateral attack upon this very judgment and sentence was previously undertaken by appellant, who in 1928 brought habeas corpus in the La Porte county, Ind., superior court to obtain his release from this same imprisonment. Return was made setting up this judgment and sentence and commitment thereunder, and upon hearing the court discharged the writ and ordered the prisoner remanded. On appeal the order of the superior court was affirmed. Goodman v. Daly, 201 Ind. 332, 165 N. E. 906. The stated ground of affirmance of the judgment was that the judgment was not subject to collateral attack, and that habeas corpus would not lie.

■ All infirmities in the judgment and sentence which are here asserted were none the less there present, where the same judgment and commitment thereunder were assailed on habeas corpus. The court there was fully empowered to decide any question there arising under the Federal Constitution, and if wrongly decided, or even if not decided at all, if a federal question was involved the loser had right of appeal to the United States Supreme Court. But there was no such appeal, and renewal of the collateral attack on the judgment and sentence is not generally permissible. Frank v. Mangum, supra; Whitten v. Tomlinson, supra; Salinger v. Loisel, 265 U. S. 224, 44 S. Ct. 519, 68 L. Ed. 989; In re Lawrence (D. C.) 80 F. 99; Stephenson v. Daly (D. C.) 21 F.(2d) 625.

It is at least interesting to note, though not involving any matter here directly in issue, that, according to some of the Indiana cases, what is here contended for as rendering the judgment absolutely void would in Indiana constitute not even reversible error on appeal because harmless to him who urged it.

In May v. State, 140 Ind. 88, 39 N. E. 701, 702, it was said: "Where the sentence imposed, whether of fine or imprisonment, is authorized by the statute, the failure of the judge to discharge his whole duty by imposing both the fine and imprisonment provided by law, will not warrant a reversal. The sentence in such case being warranted, the defendant is not prejudiced by the error of the court in failing to inflict upon him the additional punishment."

It cites in support Hoskins v. State, 27 Ind. 470, Shafer v. State, 74 Ind. 90, and Kennegar v. State, 120 Ind. 176, 21 N. E. 917.

In Hunnicutt v. Frauhiger, supra, in passing on a similar question, the court said: "* * * where a party convicted ought under a statute to be sentenced to two distinct and independent punishments, as fine and imprisonment, it is not error nor ground for his discharge that he is sentenced to one only of such penalties. * * * that where two distinct punishments for an offense are prescribed and but one is assessed, the defendant cannot complain."

Surely in this sense appellant was in no wise harmed by the failure of the court to impose, additionally to the life sentence, the statutory sentence specified for the particular crime.

We are satisfied that the District Court properly declined to grant appellant the writ of habeas corpus, and its order to that effect is affirmed.