NIVEN v. CRAWFORDSVILLE TRUST COMPANY ET AL.

[No. 16,222. Filed March 27, 1940. Rehearing denied May 10, 1940. Transfer denied June 28, 1940.]

*W. J. Sprow*, of Crawfordsville, for appellant.

*Harding & Harding*, of Crawfordsville, for appellees.

LAYMON, J.—John S. Niven was the owner of two tracts of real estate situated in Montgomery County, Indiana, which for the purpose of brevity are hereafter referred to as tract No. 1 and tract No. 2. On May 7, 1923, while he was the owner of tract No. 1, he borrowed of The Crawfordsville Trust Company, appellee,

the sum of $5,500, and as evidence of his obligation executed his notes therefor maturing 5 years after date and bearing 6 per cent interest. To secure the payment of these notes, John Niven and his wife, Sarah E. Niven, on the same date executed their mortgage on tract No. 1 to the appellee Trust Company. This real estate was subsequently conveyed to one Mildred Sass, who was the owner on May 4, 1936.

On May 4, 1936, The Crawfordsville Trust Company brought suit in the Montgomery Circuit Court against John S. Niven, Sarah E. Niven, his wife, and Mildred Sass, being cause No. 25,465, to foreclose its mortgage on tract No. 1 of the real estate and caused personal service to be had upon the defendant Mildred Sass and service by publication upon the defendants John and Sarah Niven, who were nonresidents of the state at the time of the filing of the complaint. The Trust Company also filed its affidavit in attachment alleging: That John and Sarah Niven were nonresidents of the State of Indiana; that plaintiff's claim was upon notes executed by John Niven and upon a mortgage executed by John Niven and Sarah Niven, his wife; that plaintiff's claim was just; that affiant believes plaintiff ought to recover in said action the sum of $7,000; that the said notes sued on in said action were given May 7, 1923, due in 5 years from date, in the original sum of $5,500, and that said principal amount, together with interest thereon from November 7, 1931, was past due and wholly unpaid; that said John Niven had conveyed away his property in the State of Indiana from his individual name to the names of himself and his wife as tenants by the entireties since the execution of the original mortgage and the giving of said notes, leaving no property in the State of Indiana in his own name subject to

execution. In the original complaint to foreclose the mortgage, The Crawfordsville Trust Company alleged that John and Sarah Niven executed their mortgage upon tract No. 1 of the real estate and in said mortgage expressly promised and agreed to pay the indebtedness secured thereby; that John Niven had caused other real estate owned by him at the time of making the notes in suit to be transferred to himself and his wife as tenants by entireties; that this was done without any consideration having been paid by Sarah Niven; that by so transferring his lands John Niven left no property in the State of Indiana subject to execution available for the payment of the plaintiff's indebtedness, other than the mortgaged property (tract No. 1) and that the said transfer so made of the other lands and properties owned by Niven, if permitted to stand, would result in a fraud perpetrated upon the plaintiff and that such transfer made by John Niven to himself and wife, as tenants by the entireties, if the wife be not liable upon the promise contained in said mortgage being foreclosed, would result in a fraud upon the rights of the plaintiff; and that said transfer should be set aside in order that plaintiff might reach the asset value thereof to pay and provide for such deficiency judgment as would undoubtedly result in this foreclosure action. Pursuant to the affidavit in attachment, the sheriff of Montgomery County, on May 11, 1936, attached all of the real estate other than that included in the mortgage in suit which was owned by John Niven or by John and Sarah Niven, as husband and wife, including tract No. 2. On the same day the sheriff filed his notice of the attachment in the lis pendens records of the county. On June 27, 1936, the Trust Company obtained a default judgment in the

foreclosure proceedings against all of the defendants, foreclosing its mortgage on tract No. 1 of the real estate, which was described in the mortgage. The court adjudged and decreed that The Crawfordsville Trust Company recover upon its notes and mortgage in foreclosure and attachment against the defendants John and Sarah Niven, but not as a personal judgment, the sum of $7,813.20, collectible without relief from valuation and appraisement laws, together with plaintiff's costs laid out and expended, and a foreclosure of the mortgage upon tract No. 1 of the real estate against all of the defendants; that the equity of redemption of all persons claiming by, through or under them was barred and foreclosed, and the sheriff was to proceed to sell the real estate and the rents, issues and profits thereof as other property is sold on execution; that in the event said mortgaged property did not sell for a sum sufficient to satisfy the judgment awarded to the plaintiff, with all accruing costs, then as to the deficiency, the attachment therein found as levied by the sheriff upon the property of John and Sarah Niven, and each of them, was thereby made effectual and in all things confirmed; and that the transfer of the property from John S. Niven to John S. Niven and Sarah E. Niven, his wife, by the entireties (tract No. 2), to be set aside as against the judgment and award to the plaintiff Trust Company, to the end that under the attachment and sale thereunder, tract No. 2 of the real estate, or so much thereof as required, be sold for the purpose of paying the deficiency judgment awarded to plaintiff. Pursuant to the decree and order of sale made by the court, the mortgaged real estate was sold by the sheriff, as other lands are sold on execution, for the sum of $3,500, thereby leaving a deficiency which,

by reason of the judgment, became a lien upon tract No. 2 of the real estate.

Appellant, on October 26, 1936, brought this action, civil cause No. 25,658 in the Montgomery Circuit Court, to quiet his title to tract No. 2 of the real estate as against the claims of the appellee Trust Company and others claiming through the proceedings instituted by the Trust Company against John S. Niven and others and to free the land from the judgment rendered therein.

The complaint was in two paragraphs, to which appellees filed an answer in two paragraphs, the first in general denial and the second setting forth in detail the proceedings, judgment and decree of the Montgomery Circuit Court had in the foreclosure and attachment proceedings and alleging that said judgment and decree is in full force and effect and that no appeal has been taken therefrom; that appellant is a brother of John S. Niven and at the time of the filing of the attachment and foreclosure proceedings by the appellee Trust Company was acting as attorney for his brother and conferring and negotiating with the Trust Company and its counsel; that at no time did he disclose that he (appellant) held or claimed to hold any deed for the land in question, nor did he take any steps to assert any right or title or claims in the foreclosure or attachment proceedings or to avoid the setting aside of the transfer of the land from John Niven to himself and wife, but stood by and concealed all purported claims to any title or interest in the land; that appellant procured a purported deed from his brother and wife purporting to convey the lands in question to himself, causing the deed to be "back dated" as though given at a date some two years prior to the purported date thereof; that on June 25, 1936, he caused the deed to

be recorded without in any manner informing the appellee Trust Company of any right or claim therein; and that said purported conveyance is fraudulent and null and void and was given without any consideration and is a fraudulent attempt on the part of appellant to avoid the judgment and attachment of the appellee Trust Company.

The issues were closed by a reply to the second paragraph of answer.

Upon proper request, the court made its special finding of facts and stated its conclusions of law thereon. The court concluded that the law is with the appellees and that appellant take nothing by reason of this action. Judgment that appellees recover their costs followed. Appellant excepted to each conclusion of law and unsuccessfully moved for a new trial upon the grounds that the decision of the court is not sustained by sufficient evidence and is contrary to law. The errors assigned here are that the court erred in each of its conclusions of law and in overruling appellant's motion for a new trial.

Appellant insists that he is the owner of tract No. 2 of the real estate by virtue of the deed of conveyance dated November 22, 1933, executed by John S. Niven and Sarah E. Niven, his wife, and recorded June 25, 1936, in Montgomery County, Indiana; that he was not a party to the mortgage foreclosure proceedings instituted by The Crawfordsville Trust Company against John S. Niven, and others, and was in no manner bound by the judgment and decree of the court entered in the action; and that he is entitled to have his title to tract No. 2 quieted against the claims of the appellees.

To avoid and to enjoin the enforcement of the judgment and decree of the court rendered in the mortgage foreclosure proceedings, appellant contends that the

action brought by the Trust Company to foreclose its mortgage on tract No. 1 was commenced May 7, 1936, approximately 10 years after John Niven had caused the land to be conveyed to a trustee and reconveyed to himself and his wife as tenants by the entireties; that the Trust Company could not succeed in setting aside the conveyances as fraudulent because the statute of limitations requires the action to be brought within 6 years; that the decree entered by the court in such proceedings had the effect of requiring Sarah E. Niven to pay the principal amount of the notes and mortgage, when, in fact, she did not sign the notes, and the mortgage contained no provision on her part to pay the debt secured thereby; that the court was not authorized to render a judgment against her or in any manner find her liable for such indebtedness; that the transfer of tract No. 2 of the real estate by John Niven through a trustee to himself and wife, by the entireties, could not be deemed fraudulent, in view of the fact that the land was worth $15,000, with an existing encumbrance of $10,000, and the inchoate interest of the wife considered; that John Niven was the only person liable for the payment of the notes and mortgage sued upon by the Trust Company; and that the conveyances of tract No. 2 from John Niven to himself and his wife should not have been set aside, and therefore said real estate could not be levied upon and attached in the foreclosure proceedings.

This action, in so far as it questions the power of the court to set aside the conveyances to the land in question as fraudulent, to attach tract No. 2 of the real estate, and to order the same sold to satisfy the amount found due the appellee, is in effect a collateral attack upon the judgment of the court rendered in the proceedings

instituted by appellee Trust Company to foreclose its mortgage upon the lands of John and Sarah Niven.

No fraud is charged, and no question of jurisdiction of the subject-matter or over the parties is involved.

John Niven and his wife, having been duly notified of the pendency of the action, were in court to controvert the issues presented by the pleading. They suffered the foreclosure and attachment proceedings to progress, the conveyances to be set aside, and the order to be made for the sale of the attached property without raising any question in respect to the wife's liability for the payment of the mortgage debt, the right of appellee to succeed in setting aside the conveyances of the real estate, or the authority of the court to enter a judgment of attachment; consequently they are foreclosed, or anyone in their behalf, from attacking the judgment collaterally.

The objections urged by appellant to the mortgage foreclosure proceedings, even if well taken, do not make the judgment void but could amount to no more than mere errors or irregularities.

The rule that a judgment of a court of competent jurisdiction cannot be impeached collaterally for mere errors and irregularities has been so well established that citation of authorities is unnecessary.

The power of the court to decide includes the power to decide wrongly, and an erroneous decision, at least upon a colorable question, resists collateral attack, as does one that is correct. *Stone* v. *Elliott* (1914), 182 Ind. 454, 106 N. E. 710; *State ex rel.* v. *Hiatt, Sheriff* (1922), 192 Ind. 154, 135 N. E. 577.

It is further contended by appellant that during the pendency of the foreclosure proceedings instituted by

appellee Trust Company he held an unrecorded deed executed by John Niven and his wife conveying tract No. 2 of the real estate to him for a valuable consideration and that the deed was recorded before judgment was taken in the foreclosure proceedings; that since he was not a party to the foreclosure proceedings, he is entitled to have the real estate freed of the judgment rendered in such proceedings.

Whether appellant became a bona fide owner of the real estate in controversy for a valuable consideration before the rendition of the judgment in the foreclosure proceedings, and whether or not appellant, by his conduct, was estopped from asserting that he was entitled to have the land freed from the lien of attachment were questions of fact to be determined by the trial court.

The court found the facts upon these issues and embodied them in finding No. 8. Appellant concedes this finding to be sufficient to support conclusions of law in favor of appellees but insists that the facts found by the court as set out in the finding are not sustained by the evidence. Our review of the evidence, however, requires us to conclude otherwise.

No reversible error having been shown, the judgment is affirmed.

NOTE.—Reported in 26 N. E. (2d) 58.